GUIDRY, Judge.
This appeal concerns an eviction proceeding filed on December 7, 1992 by plaintiff-appellee, the Housing Authority for the City of Ferriday (hereafter the Authority), against defendant-appellant, Evelyn Parker. After a January 21, 1993 hearing on the rule for eviction at which Parker was neither in attendance nor represented by counsel, the trial court ordered her apartment lease can-celled and condemned Parker to vacate the premises and deliver possession thereof to the Authority. This judgment was rendered and signed on January 21, 1993. Thereafter, Parker retained counsel and, on January 26, 1993, filed a motion for new trial. After a hearing on February 4, 1993, the trial court denied Parker’s motion for new trial and she appealed in proper person. For the following reasons, we reverse and remand to the trial court for a new trial.
The Authority’s petition sought to evict Parker for her alleged breach of certain terms and conditions of the lease and occupancy regulations, but in particular her failure to pay the $30.00 per month rent during the prior six month period. The citation accompanying the petition, which was personally served upon Parker on December 11, 1992, ordered her to appear in court on January 21,1993 for trial of the rule. Subsequently, the Clerk of Court mailed a “Notice of Fixing” informing Parker that the rule to show cause was set for January 19,1993, two days prior to the date appearing on the citation.
Trial of this matter was conducted on January 21, 1993. During the hearing, the trial court noted Parker’s absence and the fact that proof existed in the record that she was served with the petition and cited to appear on this date. Evidence was adduced through the testimony of Charles Bell, the executive director of the Authority. He testified that Parker was $280.00 in arrears on her rental payments. The Authority agreed to allow her to remain in the apartment if she made arrangements to pay the back due amount. She agreed but, according to Bell, did not comply with the supplemental agreement. Additionally, he noted numerous other violations of Authority and Federal Department of Housing and Urban Development policy, including the presence of a third party living in the apartment without prior approval. Bell explained that she also planted dangerous shrubs and painted the apartment without prior approval in addition to refusing mandatory monthly apartment inspections. She allegedly threatened the maintenance man with serious bodily injury. Based on this testimony, the trial court cancelled the lease and ordered Parker to vacate the premises.
*477 At the motion for new trial hearing, appellant’s counsel explained that Parker considered the “Notice of Fixing” to be a correction of the hearing date noted on the previous citation. Counsel further argued that Parker appeared at the courthouse on January 19th and was told that her hearing was not scheduled for that date. She was not told by court personnel that the hearing was actually scheduled for January 21st as originally noticed in the citation. Presumably, she did not inform court personnel of the hearing date discrepancy or inquire as to the possibility of a Januaiy 21st hearing date. Additionally, counsel informed the trial court regarding an agreement entered into on January 13, 1993 between Parker and Charles Bell, director of the Authority, which allowed Parker to remain in possession of her apartment. The agreement, presumably executed by Evelyn Parker and Charles Bell, is annexed to appellant’s motion for new trial and is part of the record. In this agreement, in exchange for her continued occupancy of the premises, Parker agreed to pay her rent timely and agreed to pay the back due rent in four monthly installments. In brief, Parker urges that she paid her first month’s rent timely, but, when she tendered a money order for the first installment of back due rent, it was not accepted by the Authority. Parker urges that the January 13th agreement compromised the eviction proceedings and entitled her to remain in the apartment until a subsequent default, if any, occurred. Finally, Parker urges that, in the interest of justice, she should be allowed to pi’esent this evidence at a new trial.
In denying Parker’s motion for a new trial, the trial judge relied upon the adequacy of the notice of the January 21st trial date. The trial court opined that the date on the original citation made her obligation to appear on January 21st clear. As to the effect of the subsequent clerk of court’s “Notice of Fixing”, the judge reasoned as follows:
... it says: ‘... notice is hereby given that the above entitled numbered matter has been set down for Rule to Show Cause on January 19, 1993, at 9:30 A.M.’ And that’s ... on the clerk’s stationery. It’s mailed, it’s not served ... I don’t think that’s notice ... the record, nor me personally, know anything about Miss Parker being here on the 19th ... If she would have questioned this, she would have been told — I feel very certain — to be here on Thursday [the 21st], not on Tuesday [the 19th] ... I’m not going to grant a new trial ... because she did not appear when she was ordered to appear. And I don’t ... think that’s ... sufficient to ... come on the 19th, nothing happened, have notice to come on the 21st and not show up on that day ... to find out what her legal rights were. (Emphasis ours)
Following denial of her application for new trial, Parker filed a notice and order of appeal in proper person on February 16, 1993. The order, which was signed by the trial judge on that date, was prepared and submitted personally by Parker and provides “LET THE JUDGMENT OF THIS COURT DATED JANUARY 21, 1993 DISMISSING DEFENDANT’S CAUSE OF ACTION ... BE APPEALED DEVOLUTIVELY TO THE CORUT (sic) OF APPEAL, THIRD CIRCUIT.” The typewritten date “JANUARY 21, 1993” is scratched through and above it the date, February 4, 1993, is written by hand. The order itself does not indicate who made this alteration.

OPINION

An order denying a motion for new trial is a nonappealable judgment, but such order is reviewable under the court of appeal’s supervisory jurisdiction. Core v. Winn-Dixie of Louisiana, Inc., 471 So.2d 240 (La.App. 1st Cir.1985), writ denied, 476 So.2d 353 (La.1985). When an appeal is taken from a final judgment,' the appellant is entitled to a review of all adverse interlocutory rulings in addition to review of the final judgment. Bielkiewicz v. Insurance Company of North America, 201 So.2d 130 (La.App. 3rd Cir.1967). Thus, in Bielkiewicz, this court held that on appeal it possessed the authority to review a trial court’s ruling that a motion for new trial had been untimely filed.
The appeal order in this case is ambiguous. It is unclear which judgment is appealed. The scratch out of the eviction judgment date *478 and replacement thereof with the date on which the motion for new trial was denied evidences an intent to appeal from the latter. However, it is unclear whether Parker, who prepared and submitted the notice and order of appeal, acquiesced in the change. It is clear that she originally intended to appeal from the eviction judgment, i.e., the judgment on the merits, as evidenced by the typewritten date thereof. If we consider the order as an appeal from the judgment denying Parker’s motion for new trial, it is not properly before us. Core, supra. On the other hand, if we conclude that the order of appeal is from the eviction judgment, in addition to reviewing the merits, we are also empowered to review the propriety of the trial court’s denial of Parker’s motion for new trial.
Considering that Parker has no legal training and filed this appeal in proper person evidencing an intent to appeal from the eviction judgment, we conclude that this is an appeal from the final judgment rendered January 21, 1993. This appeal, which was filed more than twenty-four hours after rendition of the eviction judgment, does not suspend its effect but is a timely devolutive appeal. La.C.C.P. arts. 2087 and 4735.
In brief, appellant urges no error in the trial court’s judgment of January 21, 1993. However, appellant does urge error in the trial court’s refusal to grant her application for new trial. For the reasons previously set forth, we consider that this issue has been properly preserved for review on appeal.
In denying appellant’s motion for a new trial, the trial court relied solely upon the adequacy of notice of the January 21, 1993 hearing date set forth in the original citation and appellant’s failure to appear at that hearing.
A new trial may be granted for one of the peremptory grounds enunciated in La. G.C.P. art. 1972 or on discretionary grounds, except as otherwise provided by law. La. C.C.P. art. 1973. La.C.C.P. art. 1571 requires each respective district court to adopt rules for assigning eases for trial which shall “require adequate notice of trial to all parties”. Simas v. Hicks, 381 S.o.2d 949 (La.App. 3rd Cir.1990). The lack of proper notice does not fall within the peremptory grounds for new trial; however; it is within the trial court’s discretion to grant a new trial on that ground. (Gennings v. Newton, 567 S.o.2d 637 (La.App. 4th Cir.1990). The standard of review of a trial court’s denial of a new trial on discretionary grounds is whether the trial court abused its discretion. If abuse does not- exist, the appellate court will not reverse the trial court’s action. Garrett v. Universal Underwriters, 586 S.o.2d 727 (La.App. 3rd Cir.1991).
In the case sub judice, the original citation which accompanied the Authority’s rule for eviction stated that a hearing on the rule for eviction would be held on January 21, 1993. The “Notice of Fixing” mailed by the Clerk of Court, which was later received by Parker, stated that the hearing would be conducted on January 19, 1993. Considering the confusion created by two notices providing different hearing dates for trial of the rule for eviction, we conclude that appellant was not provided with adequate notice and the trial court’s conclusion to the contrary is clearly wrong. We have no reason to disbelieve that Parker considered the second notice as a change in the hearing date and that she did appear for the hearing on January 19,1993. Further, considering these circumstances and the fact that appellant neither appeared nor was represented by counsel at the hearing on January 21, 1993, the trial court abused its discretion in denying appellant’s timely application for a new trial.
The Clerk of Court was responsible for the confusion as to the correct hearing date. To hold Parker, a lay person, ultimately responsible therefor is clearly wrong and an abuse of the trial court’s discretion. Litigants who are not attorneys but choose to represent themselves, deserve their day in court. To deny a litigant this right because of confusion resulting from an error committed by a court officer is improper. The trial court erred in denying Parker a new trial.
For the above and foregoing reason, the judgments of the trial court ordering Parker’s eviction from her apartment and denying her motion for a new trial are reversed. This case is remanded to the trial court for a *479 new trial on the merits. Plaintiff-appellee, the Housing Authority for the City of Ferri-day, is cast with all costs of this appeal.
REVERSED AND REMANDED.