JJPLOTKIN, Judge.
Riverbend Rentals Company appeals a judgment confirming the title of Wayne C. Giordano to certain immovable property acquired by tax sale and denying Riverbend’s demands to have the sale to Giordano declared null or to be reimbursed by Giordano for mortgage payments made by Riverbend after the sale.
Riverbend failed to pay Plaquemines Parish property taxes assessed against it for the 1989 tax year on certain immovable property.[1] On April 17, 1990, Riverbend received the following notice by certified letter from the Plaquemines Parish Sheriff:[2]
In conformity with the provisions of Louisiana Revised Statutes of 1950 (as amended) 47:2171, etc., you are hereby officially notified that the Parish and District taxes on property assessed to you fell due and should have been paid in full by December 31, 1989. Interest and other charges will continue to be assessed until this bill is paid in | ¿full. This property will be advertised in the Plaquemines Gazette and sold at the Sheriffs tax sale.
A notice of delinquency was published in the Plaquemines Gazette on June 1 and 15, 1990, to announce a tax sale to be held on June 16, 1990. On June 16, 1990, Giordano purchased the property at the Sheriffs tax sale.
*446 At the time of the sale, the property was subject to a prior recorded vendor’s lien with a balance of $43,588.70 owed to Mary and Nicholas Licata Jr. After the sale, but on the same date, Riverbend paid the Licatas $43,548.89 in satisfaction of the debt. On July 10, 1990, the tax deed was recorded in the conveyance office of the parish. On May 16, 1994, after the three year redemptive period had passed, Giordano filed suit to confirm the sale. Riverbend answered seeking to have the tax sale declared null and reconvened, in the alternative, seeking reimbursement from Giordano of the $43,548.89 paid by Riverbend to the Licatas.
The trial judge confirmed the sale and denied Riverbend’s demand for reimbursement. He found that the sale was valid because Riverbend received proper and sufficient notice, and that Riverbend was not owed reimbursement because it was not sub-rogated to the vendors’ rights. Riverbend appeals assigning two errors: (1) that the trial judge erred in finding that Riverbend received valid notice of the impending tax sale in accordance with the statutory requirements, and (2) that Giordano is unjustly enriched by Riverbend’s payments to the Lica-tas. Riverbend abandons its subrogation theory on appeal.
Riverbend contends that the tax sale is null because the notice of tax delinquency (1) failed to state that the taxes must be paid within twenty days of the notice and (2) improperly stated that taxes were due in conformity with “La.R.S. 47:2171, etc.” Louisiana Revised Statute 47:2180(A) provides in pertinent part:
[T]he tax collector shall address to each taxpayer who has not paid all the taxes, which have been assessed to him on immovable property, |8 ... written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.
Riverbend contends that the notice it received was inadequate because it stated only that the property would be sold and not that the taxes must be paid within twenty days. Riverbend also contends that the reference to “La.R.S. 47:2171, etc.” is misleading because section 2171 governs movable property.
A tax deed is prima facie evidence of a valid tax sale. La.Const.Art. 7, § 25. A tax sale is presumed valid and the party attacking it bears the burden of establishing any invalidity. See, e.g., DeSalvo v. Roussel, 629 So.2d 1366, 1368 (La.App. 4th Cir.1993), writ denied, 94-0156 (La.4/22/94), 637 So.2d 155. Riverbend contends that a tax delinquency notice which does not contain every statement from La.R.S. 47:2180 is null and relies on cases from the first half of this century that describe the notice of delinquency and sale as “sacramental.” See, e.g., Curran v. Jones, 156 La. 1055, 101 So. 415, 416 (La.1924) (quoting Tensas Delta Land Co. v. Sholars, 105 La. 357, 29 So. 908 (1901)). None of these cases, however, considered whether a notice actually received was improperly worded.
In Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the United States Supreme Court held that prior to an action that will affect a property interest protected by the Due Process clause of the Fourteenth Amendment, a state must provide notice reasonably calculated under all circumstances to apprise interested parties of the pendency of the action and to afford them the opportunity to object or act. In the instant case, the trial judge found the efforts taken to give River-bend notice reasonable although the notice did not comply with the literal requirements of the statute:
To hold that [the efforts to notify River-bend were not reasonable under the circumstances of this case] is to hold that a 14debtor who receives no notice of his delinquency and an impending sale may still lose his property because the tax collector properly attempted notice, while a debtor who does receive actual notice and does nothing cannot be divested of his title for the five year peremptive period supplied by [La.Const.Art. 7, § 25]. This is a result which this Court considers absurd and which it cannot endorse.
To repeat the factual background of this matter, Riverbend received actual notice of *447 its delinquency on April 17, 1990, but was not specifically informed in the notice that it had twenty days to pay its taxes for the previous year or the property would be sold. However, notice of the impending sale was then published on June 1, 1990, and again on June 15, 1990, in the official journal for the Parish of Plaquemines. The tax sale took place on June 16, 1990, and was duly recorded in the conveyance records of the parish on July 10, 1990. Thus, all of the procedural steps in connection with the sale of this property designed to protect the tax-debtor were complied with. For the next three years, during which the debtor had the right to redeem the property, they neither exercised their right of redemption nor paid the property taxes due for those years.
All of these procedural safeguards, not the least significant being the debtor’s right of redemption, convince this Court that the notice utilized by the Sheriff in this instance was a reasonable effort to apprise the debtor that his property would be sold in default of the payment of his taxes.
We agree that the notice received by River-bend was reasonably calculated to apprise it of the pendency of a tax sale and allowed it the opportunity to pay the taxes or redeem the property within the three year period. Riverbend’s contention that the notice is misleading because it refers to “La.R.S. 47:2171, etc.” is specious. Section 2171 is the first section of Chapter 5 of the Louisiana Revised Statutes, entitled “Tax Sales and Redemp-tions,” in which section 2180 appears. This assignment of error is without merit.
Riverbend also contends that if the tax sale is valid, Giordano should be compelled to return the payments made by Riv-erbend to the Licatas after the tax sale or Giordano will be unjustly enriched. To prevail on an actio de in rem verso in Louisiana,[3] Riverbend must establish:
15(1) there must be an enrichment, (2) there .must be an impoverishment, (3) there must be a connection between the enrichment and the resulting impoverishment, (4) there must be an absence of “justification” or “cause” for the enrichment and impoverishment, and finally (5) the action will only be allowed when there is no other remedy at law, i.e., the action is subsidiary or corrective in nature.
Minyard v. Curtis Products, 251 La. 624, 205 So.2d 422, 432 (1967); see also Cheryl L. Martin, Comment, 69 Tul.L.Rev. 181, 200-211 (1994). Assuming Riverbend is not barred by its own fault or neglect of its affairs from establishing an impoverishment, as in Charrier v. Bell, 496 So.2d 601, 603 (La.App. 1st Cir.), writ denied, 498 So.2d 753 (La.1986), Riverbend failed to establish that it was impoverished without cause. River-bend was personally obligated for a debt secured by mortgage on the property subsequently transferred to Giordano by tax sale. Although Riverbend lost ownership of the collateral, Riverbend satisfied its personal liability on the debt by paying the Licatas. Under the circumstances of this case, we find that the requirements of the actio de in rem verso are not met.
Accordingly, the judgment of the trial court is affirmed. Costs of the appeal are. assessed to appellant Riverbend Rentals Company.

AFFIRMED.

. The immovable property that is the subject of this appeal is described as "A CERTAIN LOT OR PARCEL OF LAND, together with all the improvements thereon, being part of Section 15, Township 14 South, Range 24 East, Southeastern Land District, State of Louisiana, designated as LOT NO. 11, in Plaquemines Parish....”

. Although a copy of the notice received by Riv-erbend is not in the record, the parties agree that this was the language used in that notice.

. The actio de in rem verso has since been codified in Civil Code article 2298:
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause” is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.
This codification makes no changes in the law that are relevant to this opinion ant} this article is not applied retroactively to payments made in 1990 in the instant case.