868 So.2d 171 (2004)
Charles M. GRESHAM
v.
PRODUCTION MANAGEMENT, INC., Callon Offshore Production, Inc., and Preston Raigan.
No. 2002-CA-1228.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 2004.
*173 Robert Grant, Grant & Barrow, Gretna, LA, for Appellant.
Darren D. Sumich, Philip F. Cossich, Jr., Cossich, Sumich & Parsiola, L.L.C., Belle Chasse, LA, for Appellee.
James H. Gibson, Allen & Gooch, Lafayette, LA, for Defendant-Appellant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE, Judge DAVID S. GORBATY, Judge LEON A. CANNIZZARO, JR., Judge Pro Tempore MOON LANDRIEU).
LEON A. CANNIZZARO, JR., Judge.
The defendant, Edius "Ed" Fontenot, appeals from a default judgment rendered in favor of the plaintiff, Charles M. Gresham.

FACTS AND PROCEDURAL HISTORY
The plaintiff, an employee of Production Management Industries, allegedly injured his back while working aboard a fixed *174 platform owned by Callon Offshore Production, Inc. under the supervision of Preston Raigan. As a result of the work-related accident, the plaintiff filed a petition for damages, naming as defendants Production Management, Callon Offshore and Mr. Raigan. He later filed a first supplemental and amending petition, naming as additional defendants Facilities Consultants, Inc., which allegedly was doing contract work on the platform; two alleged Facilities Consultants employees, M.J. Ingalls and Mr. Fontenot, the appellant herein; and American Empire Surplus Lines Insurance Company, Facilities Consultants' alleged insurer. The trial court rendered a summary judgment, dismissing Callon Offshore as a defendant. Then, on the plaintiff's motion, the trial court rendered a judgment dismissing with prejudice the plaintiff's claims against Production Management, Mr. Raigan, and Callon Offshore, notwithstanding its earlier dismissal on summary judgment.[1] Shortly thereafter, the trial court granted the plaintiff's motion to dismiss his claims against American Empire.
Meanwhile, Mr. Fontenot was personally served with Mr. Gresham's supplemental and amending petition. He retained an attorney, Paul T. Landry, to represent him in the matter, but Mr. Landry failed to file either an answer or any other pleading into the record. Several months later, the plaintiff's counsel faxed Mr. Landry a letter stating that all extensions of time in which to plead were to expire and a default would be taken if he did not file an answer by the expiration date. Mr. Landry still did not file any responsive pleadings.
A preliminary default was entered against Mr. Fontenot, and the plaintiff's counsel notified Mr. Landry via fax that it had been entered. Again, Mr. Landry did not respond. The default was subsequently confirmed.
The default judgment cast Mr. Fontenot ninety percent (90%) at fault and awarded Mr. Gresham the following damages:

Past Medical Expenses $ 83,560.29
Past and Future Lost Wages/Earning Capacity $ 500,000.00
General Damages $ 500,000.00
 ___________
Total $1,083,560.29

The trial court judgment assigned five percent (5%) of the fault to Production Management and the remaining five percent (5%) of fault to Callon Offshore, notwithstanding their earlier dismissal from the suit.
Mr. Fontenot filed alternative motions for a new trial or remittitur based on lack of notice of the confirmation of the preliminary *175 default. The trial court denied the motions.[2] He then timely filed this appeal.
Mr. Landry petitioned this Court to intervene in Mr. Fontenot's appeal, asserting that he wished to pursue Mr. Fontenot's rights to overturn the default judgment. Mr. Landry also had a personal interest in the successful outcome of this appeal in view of the fact that Mr. Fontenot had filed a legal malpractice claim against him arising out of the default.[3] We granted Mr. Landry's intervention.
The sole appellant assignment of error states that the trial court erred in its confirmation of the default judgment rendered against Mr. Fontenot.

STANDARD OF REVIEW
In reviewing a default judgment, an appellate court is restricted solely to determining whether the record contains sufficient evidence to support a prima facie case. Mossy Motors, Inc. v. Cameras America, XXXX-XXXX, p. 3 (La.App. 4 Cir. 6/25/03) 851 So.2d 336, 339; Brasseaux v. Allstate Insurance Company, 97-0526 (La App. 1 Cir. 4/8/98), 710 So.2d 826.

LAW AND DISCUSSION
Pursuant to La. C.C.P. art. 1702(A), a default judgment must be supported with proof sufficient to establish a prima facie case. When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. La. C.C.P. art. 1702(B)(2). The court may require some oral testimony before rendering judgment. Id.
A judgment by default shall not be different in kind from that demanded in the petition. The amount of damages awarded shall be the amount proven to be properly due as a remedy. La. C.C.P. art. 1703.
All issues that might have been raised in defense to a suit in which a judgment of default has been rendered are forever foreclosed by the judgment. DeFrances v. Gauthier, 220 La. 145, 55 So.2d 896 (1951).
A plaintiff seeking to obtain a default judgment must establish the elements of a prima facie case with competent evidence, as fully as though each allegation in the petition had been denied. Gleason v. Palmieri, 97-0624, 97-0625, p. 3 (La. App. 4 Cir. 12/23/97), 707 So.2d 57, 58; Orleans Sheet Metal Works and Roofing, Inc. v. Landis Company, Inc., 96-0029 (La.App. 4 Cir. 7/24/96), 678 So.2d 73, 74. In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at a trial on the merits. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993); Thibodeaux v. Burton, 538 So.2d 1001 (La.1989).
There is no requirement that a party confirming a default must have the testimony reduced to writing or that a note be made of the evidence introduced, and *176 when a judgment has been rendered and no note of evidence has been made, it is incumbent on the party desiring to appeal to secure a narrative in accordance with Louisiana Code of Civil Procedure articles 2130 and 2131. Ascension Builders, v. Jumonville, 262 La. 519, 263 So.2d 875, 877 (1972); Succession of Rock v. Allstate Life Insurance Company, 340 So.2d 1325 (La.1976). In order to obtain a reversal of a default judgment appealed from, or to obtain a remand, where the record does not contain a transcript of the confirmation hearing, the defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. When the judgment recites that the plaintiff has produced due proof in support of his demand and that the law and evidence favor the plaintiff and are against the defendant, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct. Ascension Builders, supra; Massey v. Consumer's Ice Co. of Shreveport, 223 La. 731, 66 So.2d 789 (La.1953). The presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Ascension Builders, supra; Massey, supra.[4]
At the outset, we note that the defendant claims that the default judgment is invalid because he did not receive notice of the entry of the default prior to confirmation thereof. In Mossy Motors, Inc. v. Cameras America, XXXX-XXXX, pp. 10-11 (La.App. 4 Cir. 6/25/03), 851 So.2d 336, 344, this Court discussed as follows the standard for determining whether a default should be reversed because of the absence of notice to the defendant:
Thus, knowledge that the defendant has legal representation is not the standard for overturning a default. The proper standard is the clear, objective and reasonably predictable standard ... i.e., "an appearance of record" under La. C.C.P.art. 1702(A) and as defined by the 1997 Comment to La. C.C.P. art. 1671 must occur before prior notice of intent to confirm a default is required. The mere fact that a plaintiff may have knowledge that a defendant has representation is not sufficient to require notice of default. In Crump the defaulted defendant's attorney filed answers to discovery requests prior to the time the plaintiff confirmed the default, but the Crump court found that this was insufficient to constitute an "appearance of record" under La. C.C.P. art. 1702(A), i.e., the filing of a discovery response is not equivalent to "filing a pleading, appearing at a hearing, and formally enrolling as counsel of record."
This Court then found that the filing of a discovery response is not an appearance of record, because a discovery response is not a pleading within the scope of La. C.C.P. art. 852[5]. See also Crump v. Bank One Corp., 35,990 (La.App. 2 Cir. 5/8/02), 817 So.2d 1187, 1191-1193.
*177 In the instant case, nothing that Mr. Landry did constituted an appearance of record. Therefore, under the rationale of the Mossy Motors case, the plaintiff's counsel was under no obligation to notify Mr. Landry of his intent to confirm the preliminary default. Mr. Fontenot's claim that the default judgment is invalid, because he was not notified of the entry of the default before it was confirmed is without merit.
The appeal of the default judgment herein presents a res nova issue, i.e., we are aware of no prior reported case in which fault was allocated among alleged co-tortfeasors via a default judgment. As previously mentioned, this case involved multiple defendants, who the plaintiff alleged were "indebted jointly, severally, and in solido with all defendants in this litigation unto petitioner ..." All of the defendants, with the exception of Mr. Fontenot, answered the plaintiff's petitions.[6]
Rendering a default judgment in a case such as the instant one would not have posed a problem prior to the introduction of comparative fault in Louisiana with the amendment of La. C.C. arts. 2323-24 in 1979. Prior to the amendment of those articles, the entire delictual obligation could be enforced against any one of many solidary obligors, regardless of how small that obligor's percentage of fault might have been. All that was required was a finding of fault to make a default judgment effective as to the whole obligation and then the condemned defendant could pursue his co-tortfeasors for contribution. However, under the current law a negligent joint tortfeasor cannot be liable for more than his degree of fault and cannot be solidarily liable with any other person for damages attributable to the fault of such other person. La. C.C. arts. 2323-24. Thus, in this case, Mr. Fontenot is liable for ninety percent (90%) of the damages awarded by the default judgment and cannot seek contribution from any of the co-tortfeasors.
To further complicate matters for Mr. Fontenot, the appeal record contains neither a written transcript of the testimony at the default hearing nor a note of evidence; thus, the presumption that the judgment was rendered upon sufficient evidence and is correct applies in this case. La. C.C.P. art. 2131 provides as follows:
If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.
In the instant case the testimony taken at the hearing on the confirmation of the default was not recorded or transcribed by a court reporter. Therefore, Mr. Fontenot's appellate counsel should have followed the procedure set forth in La. C.C.P. art. 2131. Because he did not do so, however, all we can do on appeal is determine whether the plaintiff's evidence is sufficient to support a prima facie case.
In his First Supplemental and Amended Petition naming Mr. Fontenot as a defendant, the plaintiff alleged:

5.
Callon had contracted with Facilities to have Facilities operate and perform certain *178 work on said structure on or about March 16, 1999.
6.
On or about March 16, 1999, petitioner was injured working on the above referenced structure while physically removing a very heavy section of flow pipe. As petitioner was holding on to the pipe during its removal, it fell over on him, forcing him to the ground.
7.
At all times pertinent herein, and more particularly, on or about March 16, 1999, defendant, Ed Fontenot, was a supervisor employed by [Facilities Consultants] and responsible for the operations on which petitioner was injured. Ed Fontenot failed to take appropriate and reasonable measures to make certain that the job upon which petitioner was injured was performed in a safe and reasonable manner. Specifically, Ed Fontenot had personal knowledge, or should have had personal knowledge, of the dangers presented on this job, but failed to act reasonably and responsibly.
8.
At all times pertinent herein, and more particularly, on or about March 16, 1999, defendant, M.J. Ingalls, was a supervisor employed by Facilities and responsible for the operations on which petitioner was injured. M.J. Ingalls failed to take appropriate and reasonable measures to make certain that the job upon which petitioner was injured was performed in a safe and reasonable manner. Specifically, M.J. Ingalls had personal knowledge, or should have had personal knowledge, of the dangers presented on this job, but failed to act reasonably and responsibly.
9.
At all times pertinent herein, Ed Fontenot and M.J. Ingalls were employees of Facilities acting in the course and scope of their employment.
The plaintiff's supplemental petition then enumerates six acts of negligence attributable to Fontenot.
At the hearing to confirm the default, the plaintiff introduced oral testimony and seven exhibits. The exhibits included a sworn narrative from the plaintiff's physician detailing his medical treatment in conformity with La. C.C.P. art. 1702(D), documentation of the plaintiff's medical expenses, and his wage information. The default judgment rendered by the trial court held that the plaintiff had produced proof of his demand and that the law and the evidence were in his favor.
In reviewing the default judgment in this appeal, in the absence of a written transcript and a note of evidence, the presumption that the judgment was rendered upon sufficient evidence and is correct applies to the trial court's determination that Mr. Fontenot was negligent and his negligence obligated him to the plaintiff. To the extent the trial court determined that Production Management and Callon Offshore were also negligent and allocated fault among all three parties, even though the plaintiff had previously dismissed his claims against Production Management and Callon Offshore, the trial court was free to do so pursuant to La. C.C. art. 2323. Thus, insofar as the default judgment casts Mr. Fontenot in judgment for ninety percent (90%) of the fault it must be upheld.
Regarding the award of special damages, we find that the plaintiff's evidence is sufficient to support a prima facie case of past medical expenses of $83,560.29. At the default hearing, the *179 plaintiff introduced into evidence the sworn affidavit of Dr. Stuart I. Phillips, an orthopedic surgeon and his treating physician. Dr. Phillips averred that he performed surgery on the plaintiff's spine and also recommended that the plaintiff undergo additional spinal surgery. In his opinion, the plaintiff's back problems were more likely than not caused by the work-related accident. Attached to Dr. Phillips' affidavit were copies of the plaintiff's medical bills totaling $83,560.29.
Furthermore, we find the plaintiff's evidence is sufficient to support a prima facie case of $500,000.00 in special damages for past and future lost wages and earning capacity. To obtain an award for future loss of wages and/or loss of earning capacity, a plaintiff must present medical evidence that indicates with reasonable certainty that there exists a residual disability causally related to the accident. Aisole v. Dean, 574 So.2d 1248 (La. 1991). In the instant case, the plaintiff introduced into evidence his 1998 United States Income Tax Return Form 1040 A, which disclosed an adjusted gross income of $52,502.00, as well as his and 1999 W-2 Forms, reflecting that his wages for those years were $52, 502.21 and $11,992.97, respectively. This evidence is sufficient to establish a prima facie case that the plaintiff sustained a loss of wages between 1998 and 1999 due to the work related accident. In addition to the income tax return and W-2 Forms, the plaintiff offered Dr. Phillips' affidavit which stated that the plaintiff sustained permanent physical disabilities to the lumbar and cervical spines and a full body disability of 20%. Thus, we decline to disturb the award of special damages for past and future lost wages and loss of earning capacity.
As to general damages, it is well-settled that the trier of fact is granted much discretion in the award of general damages, i.e., those which may not be fixed with any degree of pecuniary exactitude but which, instead, involve mental or physical pain or suffering, inconvenience, the loss of gratification of intellectual or physical enjoyment, or other losses of life or life-style, which cannot be measured definitively in terms of money. Boswell v. Martin Lumber Co., Inc., 363 So.2d 506 (La.1978). The appellate review of awards for general damages is limited to determining whether the trier of fact abused his great discretion. The adequacy or inadequacy of an award should be determined on the basis of the facts and circumstances peculiar to the case under review, keeping in mind also that the trier of fact has the advantage of seeing the witnesses and evaluating their testimony, including that of residual pain. Id.
We reiterate that in the absence of both a transcript of the testimony at the default hearing and a note of evidence, the presumption that the judgment was rendered upon sufficient evidence and is correct applies in this case. Nothing in the record indicates otherwise. Thus, the trial court's award of $500,000.00 in general damages must be affirmed.

CONCLUSION
In conclusion, we sympathize with Mr. Fontenot, who acted as a reasonably prudent defendant by retaining legal counsel to represent him after being served with the plaintiff's petition. Although the default judgment procedure appears to be an awkward vehicle for disposing of such issues as general damages and fault, the Louisiana Code of Civil Procedure provides for it. The record reflects that the plaintiff's counsel fully complied with the procedural rules regarding default judgments. Unfortunately, Mr. Fontenot's attorney failed to do what was necessary to *180 protect his client's interests. As difficult as it is to uphold the default judgment in this case, we are bound by both the Code of Civil Procedure and the jurisprudence, which require that we do so. Also, as harsh as it may seem, it is only fair that Mr. Fontenot, who chose the remiss attorney, rather than the plaintiff, should bear the consequences of that choice.
Accordingly, for the reasons stated herein, the default judgment rendered in favor of the plaintiff, Charles M. Gresham, and against the defendant, Edius Fontenot, is affirmed.
AFFIRMED.
NOTES
[1] Documents in the record indicate that following a mediation, the plaintiff agreed to settle any and all claims he may have had against Production Management and Callon Offshore arising out of the accident for the sum of $312,500.00, but the plaintiff reserved his right to proceed against any other parties not named in the agreement, including Facilities Consultants, Mr. Ingalls and Mr. Fontenot. As a result of the settlement, Callon Offshore filed its motion for summary judgment to be dismissed from the suit and the plaintiff filed a motion to dismiss his claims against Production Management, The Gray Insurance Company (Production Management's general liability insurer), Callon Offshore, and Mr. Raigan.
[2] Mr. Fontenot averred that he received a notice of the trial but never received a notice of the scheduling of the confirmation of the default.
[3] The appellant brief alleges that Mr. Fontenot and his wife filed suit for damages, naming as defendants, Mr. Landry, and his insurer, Westport Insurance Company, alleging legal malpractice by Mr. Landry in his representation of Mr. Fontenot in Mr. Gresham's suit. A copy of the Fontenots' petition is annexed to the appellant brief, but it is not part of the record in this appeal.
[4] The presumption that the default was rendered upon sufficient evidence and is correct does not apply if the testimony is transcribed and contained in the record. Band v. First Bankcard Center, 94-0601 (La.App. 4 Cir. 9/29/94), 644 So.2d 211; Skrantz v. Smith, 95-516 (La.App. 3 Cir. 12/11/96), 685 So.2d 492. The presumption that a default judgment is correct and rendered upon competent evidence when there is no transcript of the default confirmation hearing creates an anomaly in that the more incomplete the record, i.e., the lack of a transcript, the easier it is for the plaintiff to maintain his case on appeal. This creates an incentive for a plaintiff who obtains a default to forego having the court reporter record and transcribe the testimony at the confirmation hearing.
[5] La. C.C.P. art. 852 provides that pleadings consist of petitions, exceptions, written motions, and answers.
[6] The record reflects that a preliminary default was entered against Mr. Ingalls, also, but he filed an answer to the plaintiff's petition before the default against him could be confirmed.