NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 19-795

RANDALL VIATOR

VERSUS

SYLVIA YOUMAN

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 126964
HONORABLE SUZANNE M. DEMAHY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty and Candyce G. Perret, Judges.

APPEAL DISMISSED.

Ian Alexander Macdonald
Jones Walker LLP
600 Jefferson Street, Suite 1600
Lafayette, LA 70502-3408
(337) 593-7617
COUNSEL FOR DEFENDANTS/APPELLEES:
    Progressive Paloverde Insurance Company
    Sylvia Youman

**Derriel Carlton McCorvey**
**Attorney at Law**
**102 Versailles Boulevard, Suite 620**
**Lafayette, La 70501**
**(337) 291-2431**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Randall Viator**

**Harold D. Register, III**
**Attorney at Law**
**Post Office Box 2473**
**Lafayette, LA 70501**
**(337) 735-4443**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Randall Viator**

**SAUNDERS, Judge.**

On January 13, 2020, Appellee, Progressive Paloverde Insurance Company (Progressive), filed a Motion to Dismiss Appellant's Appeal, alleging that Appellant, Randall Viator, seeks appellate review of non-appealable interlocutory judgments. For the following reasons, we hereby dismiss the appeal.

Mr. Viator filed the instant suit to recover damages allegedly sustained in a motor vehicle accident on September 13, 2014. Mr. Viator initially named as defendants Silvia Youman and her insurer, Allstate Insurance Company ("Allstate"). Ms. Youman and Allstate were dismissed from the lawsuit due to a settlement with Mr. Viator. Mr. Viator subsequently amended his petition to add Progressive in its capacity as his underinsured motorist carrier. In June 2017, Mr. Viator amended his petition again to add claims for penalties and attorney's fees, claiming that Progressive acted arbitrarily and capriciously in failing to make a tender under the UM provisions of its policy.

The matter was tried by jury on April 29, 2019, through May 3, 2019. At the trial's conclusion, the jury found Sylvia Youman 100% at fault and awarded Mr. Viator a total of $1,243,106.07 in damages. The final judgment was signed on May 16, 2019, and notice of judgment was signed on June 13, 2019.

Mr. Viator filed a Motion and Order of Devolutive Appeal on June 12, 2019, seeking to devolutively appeal from two pretrial rulings. The first judgment was rendered on November 15, 2017, and signed on November 27, 2017, granting Progressive' Motion for Partial Judgment, dismissing Mr. Viator's claims for penalties and attorney's fees. The second judgment was rendered on January 8, 2018, and signed on March 8, 2018, ordering Mr. Viator to participate in an independent medical examination with Dr. Thomas Bertuccini, at his costs. He

was also cast with costs of Progressive's Second Motion for Sanctions and the January 8, 2018 hearing.

**November 27, 2017 Judgment**

In its motion to dismiss the instant appeal, Progressive asserts that an interlocutory judgment is appealable only when expressly provided by law. La.Code Civ.P. art. 2083(C). Without the proper designation, Progressive avers, the proper procedural vehicle for review of a partial summary judgment is an application for supervisory writ. La.Code Civ.P. art. 2201. Progressive maintains that Mr. Viator failed to obtain the appropriate designation of the interlocutory judgment that would entitle him to an appeal, and he did not seek supervisory review of the November 27, 2017 judgment. In the absence of a law that expressly provides for an appeal of this interlocutory judgment, Progressive concludes that the appeal of this judgment must be dismissed.

Progressive filed a Motion for Partial Summary Judgment, arguing that Mr. Viator's claims for statutory penalties should be dismissed because he could not prove that Progressive "adjusted his claim in bad faith due to his own lack of cooperation, the disputed liability and the absence of evidence that Progressive's actions were arbitrary and capricious." Following a hearing, the trial court granted Progressive's Motion for Partial Summary Judgment, dismissing Mr. Viator's claims for penalties and attorney's fees. In granting Progressive's motion, the trial court stated, in pertinent part: "It is not bad faith for [Progressive] to deny liability when there is a factual dispute. . . . But as Defense Counsel clearly stated, if facts develop after today which places [Progressive] in a situation of being in bad faith, then another petition can be filed on those facts." On November 27, 2017, a signed

2

judgment granting the Motion for Partial Summary Judgment was rendered without the designation of the judgment being certified as final and appealable.

Thereafter, on January 29, 2018, the trial court signed a judgment making the November 27, 2017 judgment final and appealable, but without making an express determination that there was no just reason for delay. Specifically, the January 29 judgment states:

> In *Stall v. Mercury Ins. Co.*, 17-439 (La.App. 3rd Cir. 2017), and in *Hickey v. Allstate Ins. Co.*, CM 14-973 (La.App. 3rd Cir. 2014), the Third Circuit declined to dismiss an appeal when the trial court certified its judgment as final and appealable granting a partial motion for summary judgment.
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that the Judgment granting Progressive Paloverde Insurance Company's Motion for Partial Summary Judgment on November 27, 2017, be made final and appealable.

Mr. Viator appealed this judgment, arguing that this court should maintain the appeal because the trial court properly designated the November 27, 2017 judgment as final and appealable in accordance with La.Code Civ.P. art. 1915(B)(1). *Viator v. Youman*, 18-386 (La.App. 12/6/18), (unpublished opinion).

Although the trial court designated the judgment as final on January 29, 2018, the court gave no reasons for the designation as required in La.Code Civ.P. art. 1915(B)(1). Therefore, this court conducted a de novo review to determine whether the certification was proper pursuant to *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113. This court subsequently found it was an abuse of discretion for the trial court to designate this judgment as final and appealable after dismissing Mr. Viator's claims for penalties and attorney's fees, especially considering the trial judge's remarks for Mr. Viator to file another petition "if facts develop after today [the summary judgment hearing] which places

3

[Progressive] in a situation of being in bad faith." This court concluded that "judicial resources would be wasted by the appellate review of the partial judgment at this time, considering the probability of a later appeal involving the adjudication of the remaining claims." Finding that the trial court erred in designating its ruling final and appealable pursuant to La.Code Civ.P. art. 1915, the appeal was dismissed at Mr. Viator's cost.

Article 1915(B) provides:

> (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

> (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Because the judgment granting partial summary judgment was not designated as a final judgment after an express determination that there is no just reason for delay, the judgment remains a nonappealable, interlocutory judgment, reviewable by supervisory writ or the conclusion of trial in an unrestricted appeal of the final judgment. *Housing Authority for City of Ferriday v. Parker*, 629 So.2d 475, 477 (La.App. 3 Cir. 1993) ("When an appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings in addition to review of the final judgment."); *Orleans Parish Sch. Bd. v. Lexington Ins. Co.,* 11-1720, p. 10 (La. App. 4 Cir. 8/22/12), 99 So.3d 723, 729 ("An appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to them, in addition to the review of the final judgment when an

4

unrestricted appeal is taken.") (citing *Alexander v. Palazzo,* 08-1541, p. 6 (La. App. 1 Cir. 2/13/09), 5 So.3d 950, 953).

Mr. Viator did not seek supervisory review of this judgment and he did not seek an unrestricted appeal from the final judgment in this matter. Accordingly, we are without appellate jurisdiction to consider this judgment on appeal and dismiss Mr. Viator's appeal of this judgment.

**March 8, 2018 Judgment**

Progressive filed a second motion for sanctions, seeking an order finding Mr. Viator in contempt of court for failing to submit to a court ordered independent medical examination by Dr. Thomas Bertuccini. Progressive also sought sanctions for Mr. Viator's violation of the court order.

Following a hearing on the motion, the trial court ordered Mr. Viator to participate in an independent medical examination with Dr. Bertuccini at his costs, and he was cast with all costs of the motion. Mr. Viator sought supervisory review of the judgment in this court, and the writ was denied, finding no error in the trial court's ruling. *Viator v. Youman*, 18-265 (La.App. 3 Cir. 6/28/18), (unpublished opinion). Accordingly, we find that Mr. Viator has exhausted his appellate review of this judgment, and we dismiss Mr. Viator's appeal of this judgment.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.