| PRECEPT CREDIT | * | NO. 2020-C-0131 |
| OPPORTUNITIES FUND LP | | |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| TERINA L. WALKER, ET AL. | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-11660, DIVISION "I"
Honorable Ronald J. Sholes (Pro Tempore),
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)


Wesley M. Plaisance
Philip J. Giorlando
BREAZEALE, SACHSE & WALKER, L.L.P.
909 Poydras Street, Suite 1500
New Orleans, Louisiana 70112

    COUNSEL FOR RELATOR/PLAINTIFF


David Henry Alfortish
2801 Kabel Drive
New Orleans, Louisiana 70131

    COUNSEL FOR RESPONDENT/DEFENDANT



       **WRIT GRANTED; RULING REVERSED**


      **JUNE 3, 2020**

*SCJ*
*EAL*
*RBW*

Relator, Precept Credit Opportunities Fund, LP, seeks review of the trial court's December 20, 2019 ruling granting Respondent Terina L. Walker's motion for a new trial, with respect to an October 22, 2019 judgment granting the confirmation of a default judgment in favor of Precept. Upon review, in light of applicable law and jurisprudence, we find the trial court abused its discretion in granting a new trial. Accordingly, we grant Precept's writ and reverse the trial court's ruling granting a new trial.

## FACTS AND PROCEDURAL HISTORY

The underlying suit involves a petition to quiet tax title filed by Precept, which sought confirmation of its tax sale title and sole ownership of the immovable property located at 4845 Tulip Street in New Orleans.

On November 20, 2018, Precept filed a petition to quiet title against Walker, American Acceptance, Inc., United States of America, John Doe 1 and John Doe 2. Walker does not dispute that she was served with a certified copy of the citation and petition on December 11, 2018. In a January 2, 2019 email sent to Precept's counsel, Walker's counsel requested an extension until February 15, 2019, to file

1

responsive pleadings; and Precept's counsel responded that there was no opposition to the requested extension to February 15, 2019. However, no answer was filed.

On October 2, 2019, Precept moved for entry of preliminary default against Walker; on the following day, the trial court entered a preliminary default against Walker. On October 8, 2019, Precept filed a motion to confirm default judgment, which the trial court granted on October 22, 2019.

On October 31, 2019, Walker filed a motion for new trial. In support of the motion, Walker argued that her counsel was conducting discovery with Precept's prior counsel of record, that Walker's counsel was not advised that Precept had retained new counsel, and that her counsel was not served with a copy of the Motion for Preliminary Default filed in this matter. Walker also argued that Precept's prior counsel had previously granted Walker's counsel an informal extension of time to file an answer, until February 15, 2019. While Walker conceded that the failure to file an answer was not a sufficient peremptory ground to grant a new trial, Walker argued that the trial court should exercise its discretion to grant a new trial "in the interest of justice" due to the miscommunication between her counsel and Precept's new counsel.

In its opposition to the motion for new trial, Precept asserted that Walker had not satisfied any ground for the granting of a new trial. Precept argued it had followed all proper procedures for the entry of a preliminary default and the confirmation of the default judgment, which was supported by sufficient evidence, presented to the trial court, establishing a prima facie case against Walker. Precept submitted that Walker did not allege any new evidence that could not have been obtained before trial with due diligence and Walker was in possession of the

2

discovery at all times prior to confirmation of the default judgment but did not exercise reasonable diligence by failing to file an answer. Finally, Precept argued that due to the lack of an appearance of record by Walker's counsel, Precept had no obligation or procedural duty to notify Walker's counsel prior to the confirmation of the default judgment; thus, Precept submitted that the alleged lack of service of the preliminary default was not grounds to warrant a new trial.

At the hearing on the motion for new trial, the trial court acknowledged that there was no formal appearance of record by Walker and that Precept "had a right" to move for preliminary default and confirm the default judgment. However, the trial court inquired, "how, do I get you [Walker] out of this one?" Walker noted that Precept's prior counsel had no opposition to Walker's request in January 2019 for an extension, until February 15, 2019, to file an answer, and that Precept's counsel provided discovery responses in May 2019, indicating continued communication. In addition, Walker cited three cases, discussed *infra*, in support of a granting a new trial on discretionary grounds, "in the interest of justice."[1] The trial court then ruled as follows:

> I'm going to regret this one. Thank you. The Court having considered the arguments of counsel and based upon the cases that were cited and also **in the interest of justice believing that there was a discussion between prior counsel and mover and that there was, in my opinion, and agreement to withhold any further action until such time as the parties could get together.** The Court for that reason is going to grant the motion for a new trial.

---

[1] *Housing Authority for City of Ferriday v. Parker*, 629 So.2d 475 (La. App. 3rd Cir. 1993) (reversing trial court's denial of motion for new trial, finding that the Clerk of Court was responsible for confusion of a correct hearing date and to hold the pro se litigant responsible for the error was an abuse of discretion); *Cashback, Inc. v. Herring*, 27,805 (La. App. 2 Cir. 2/28/96), 669 So.2d 693 (finding the trial court abused its discretion in denying the motion for new trial, considering there were several facts in evidence revealing defendant was taking steps to defend the suit, and did not merely fail to file an answer); *Pollock v. Talco Midstream Assets, Ltd.*, 46,302 (La. App. 2 Cir. 5/18/11), 70 So.3d 835 (affirming the trial court's denial of the motion for new trial finding that there was a clear communication from plaintiff's counsel to defendant's counsel to 'file your answer at this time' before the preliminary default was entered).

Precept's timely writ followed.

## DISCUSSION

Precept now seeks review of the trial court's judgment granting a new trial, arguing that the trial court abused its discretion in granting a new trial, because Walker failed to establish peremptory or discretionary good grounds for a new trial.[2] In light of the applicable law and jurisprudence, as discussed below, we agree.

A motion for new trial may be granted on either peremptory or discretionary grounds. Pursuant to La. C.C.P. art. 1972, upon contradictory motion of any party, a new trial shall be granted where: (1) the verdict or judgment appears clearly contrary to the law and the evidence; (2) the party filing the motion has discovered, since the trial, evidence important to the cause, which could not, with due diligence, have been obtained before or during the trial; or (3) the jury was bribed or has behaved improperly so that impartial justice has not been done. In addition, pursuant to La. C.C.P. art. 1973, a new trial may be granted in any case if there is good ground therefore, except as otherwise provided by law. In ruling upon a motion for new trial, the trial court has broad discretion, and the appellate court reviews the trial court's ruling under an abuse of discretion standard. *Jackson v.*

---

[2] Precept asserts three assignments of error: 1) the trial court erred in granting the motion for new trial because it was not the proper procedural vehicle to resolve an allegation of ill practice; 2) the trial court erred in granting a new trial on the ground of allowing Walker to present a defense after Walker failed to file responsive pleadings; and 3) the trial court erred in finding that the parties had an agreement to withhold further action based on the extension granted by Precept until February 15, 2019.

*Bally's Louisiana, Inc.*, 09-1574, p. 4 (La. App. 4 Cir. 4/7/10), 36 So.3d 1001, 1003-04.

In this matter, Walker concedes and the trial court found that there were no peremptory grounds for granting a new trial. Thus, we must turn to consider whether Walker established any good grounds for the trial court to exercise its discretion to grant a new trial.

Precept argues that the trial court erred in finding that there was an ongoing agreement between the parties or counsel to take no further action despite the only evidence of an agreement between counsel is the email correspondence from January 2019 granting Walker's counsel's requested extension to file an answer by February 15, 2019. Walker's counsel acknowledged at the hearing that there had been no appearance of record or pleading filed after that correspondence and prior to the motion for preliminary default being filed in October 2019. But Walker argued that jurisprudence supports a discretionary ground for granting a new trial in the interest of justice.

Walker cites three cases in support of her argument. First, in *Housing Authority for City of Ferriday v. Parker*, 629 So.2d 475 (La. App. 3rd Cir. 1993), the Third Circuit reviewed the trial court's denial of a motion for new trial on a judgment granting an eviction. The defendant/tenant received two notices from the Clerk of Court, the first being a notice of the trial date on January 21, 1993 and the subsequent being a rule to show cause date on January 19, 1993. Believing the second notice to be the updated court date, the pro se tenant appeared on January 19, but was told there was no hearing on that date. Not understanding the discrepancy, the tenant failed to appear at the rule for eviction on January 21; but, the trial court proceeded with the hearing and granted the eviction. The tenant then

5

retained counsel who filed a motion for new trial. In denying the motion for new trial, the trial court noted the adequacy of the notice of the January 21st trial date and her failure to appear. On appeal, the Third Circuit reversed the trial court's judgment, finding that the Clerk of Court was responsible for the confusion regarding the correct trial date notice, that there were good grounds for granting a new trial in the interest of justice, and that to hold a pro se litigant responsible for an error by the Clerk of Court was an abuse of discretion. *Housing Authority*, 629 So.2d at 478.

Second, Walker cites *Cashback, Inc. v. Herring*, 27,805 (La. App. 2 Cir. 2/28/96), 669 So.2d 693, in which the defendant appealed the trial court's denial of his motion for new trial after the entry and confirmation of a default judgment by the plaintiff against the defendant. Similar to this case, the defendant did not make an appearance of record or file a responsive pleading prior to the entry and confirmation of default. In finding that the trial court abused its discretion in denying the motion for new trial, the Second Circuit found "several facts underlying the judgment indicate that [the defendant] should be allowed to assert his case on the merits." *Cashback*, 27,805, pp. 3-4, 669 So.2d at 695. The Court noted that there had been a settlement offer made to defendant's prior counsel that was still outstanding, that plaintiff's counsel was aware of defendant's search for new counsel, that defendant's counsel requested that plaintiff's counsel wait until new counsel was retained before taking any further action, and plaintiff's counsel was aware that the defendant was in the process of securing new counsel prior to confirming the default. *Id*.

Lastly, Walker cites *Pollock v. Talco Midstream Assets, Ltd.*, 46,302 (La. App. 2 Cir. 5/18/11), 70 So.3d 835, in which the Second Circuit affirmed the trial

court's denial of a motion for new trial. Following the entry of a default judgment in favor of the plaintiffs, the defendant company moved for a new trial on the discretionary grounds that its failure to answer suit resulted from miscommunications with the plaintiffs' counsel. The trial court denied the motion for new trial. On appeal, the Second Circuit distinguished the facts from *Cashback*, *supra*, noting that under the circumstances of that case, the record reflected that "there was apparently a misunderstanding between the two attorneys", that the defendant reasonably relied on an assurance that he still had additional time to secure counsel, and that the defendant was taking steps to defend the suit. *Pollock*, 46,302, pp. 9-11, 70 So.3d at 842. But, in *Pollock*, the Second Circuit found that the defendant could not reasonably assert a miscommunication when plaintiffs' counsel specifically communicated "Please file your answer at this time," which the Court found to be sufficient notice that the defendant was at peril for an adverse action. *Id.* The Court affirmed the trial court's denial of the motion for new trial.

Upon review of the cases relied upon by Walker, we do not find the reasoning of *Housing Authority* or *Cashback* to be applicable to this case. The facts of those cases are clearly distinguishable. Here, the defendant has been represented by counsel since the filing of the petition, her counsel failed to meet the extension to file an answer which counsel had requested, and failed to continue to communicate with plaintiff's counsel regarding an intent to file a responsive pleading. This record reflects no ongoing communications or negotiations between counsel.

For that reason, Walker relies on *Pollock* to argue that since there was no ongoing communication, the plaintiff's counsel in this case did not communicate

7

regarding the necessity to file an answer and should have provided notice of the motion for preliminary default to allow the defendant the opportunity to defend the suit. However, Walker has conceded that the failure to file an answer is not grounds for granting a new trial. In *Pollock* and in this case, the defendant was served with the petition and was represented by counsel, but no responsive pleading was timely filed, and the plaintiff followed proper procedure for the entry of a preliminary default and its confirmation. Thus, in consideration of *Pollock*, we find a lack of any good ground for the trial court to have granted the new trial in this case.

In looking to our Court's jurisprudence, we find the analysis in *Gresham v. Production Mgmt., Inc.*, 02-1228 (La. App. 4 Cir. 2/11/04), 868 So.2d 171, to be on point in this case. In *Gresham*, a plaintiff injured in the course and scope of his employment sued several defendants, including one employee via supplemental and amending petition. The employee defendant was personally served with the supplemental and amending petition, and he retained counsel, but his counsel failed to file either an answer or any other pleading. After several months, plaintiff's counsel communicated to the employee's counsel that all extensions of time were expiring, and a default would be taken if no answer was filed by the expiration date. No responsive pleading was filed. Plaintiff's counsel moved for a preliminary default, which was entered, and subsequently confirmed the default judgment. The employee appealed, contending that the default judgment was invalid because he did not receive notice of the entry of the default prior to confirmation. This Court first discussed the burden for overturning a default judgment, and then recognized that neither knowledge that an individual is

8

represented by counsel nor the fact that discovery responses have been submitted

are grounds for overturning a default judgment, stating as follows:

> In order to obtain a reversal of a default judgment appealed from, … the defendant must overcome the presumption that the judgment was rendered sufficient evidence and is correct. When the judgment recites that the plaintiff has produced due proof in support of his demand and that the law and evidence favor the plaintiff and are against the defendant, the presumption exists that the judgment was rendered upon sufficient evidence and that it is correct. (citation omitted). …
>
> At the outset, we note that the defendant claims that the default judgment is invalid because he did not receive notice of the entry of the default prior to confirmation thereof. In *Mossy Motors, Inc. v. Cameras America*, 2002–1536, pp. 10–11 (La.App. 4 Cir. 6/25/03), 851 So.2d 336, 344, this Court discussed as follows the standard for determining whether a default should be reversed because of the absence of notice to the defendant:
>
>> Thus, knowledge that the defendant has legal representation is not the standard for overturning a default. The proper standard is the clear, objective and reasonably predictable standard ... *i.e.*, "an appearance of record" under La. C.C.P.art. 1702(A) and as defined by the 1997 Comment to La. C.C.P. art. 1671 must occur before prior notice of intent to confirm a default is required. The mere fact that a plaintiff may have knowledge that a defendant has representation is not sufficient to require notice of default. In *Crump* the defaulted defendant's attorney filed answers to discovery requests prior to the time the plaintiff confirmed the default, but the *Crump* court found that this was insufficient to constitute an "appearance of record" under La. C.C.P. art. 1702(A), *i.e.*, the filing of a discovery response is not equivalent to "filing a pleading, appearing at a hearing, and formally enrolling as counsel of record."
>
> This Court then found that the filing of a discovery response is not an appearance of record, because a discovery response is not a pleading within the scope of La. C.C.P. art. 8525. *See also Crump v. Bank One Corp.*, 35,990 (La. App. 2 Cir. 5/8/02), 817 So.2d 1187, 1191–1193.

*Gresham*, 02-1228, pp. 5-6, 868 So. 2d at 176.[3]

This Court then found that the argument for failure to be notified of the default lacked merit because counsel for the employee did "nothing. . .[that] constituted an appearance of record", and "under the rationale of the *Mossy Motors* case, the plaintiff's counsel was under no obligation to notify [counsel for the employee] of his intent to confirm the preliminary default." *Gresham*, 02-1228, p. 6, 868 So. 2d at 177. Accordingly, this Court concluded:

> The record reflects that the plaintiff's counsel fully complied with the procedural rules regarding default judgments. Unfortunately, [the employee]'s attorney failed to do what was necessary to protect his client's interests. As difficult as it is to uphold the default judgment in this case, we are bound by both the Code of Civil Procedure and the jurisprudence, which require that we do so. Also, as harsh as it may seem, it is only fair that [the employee], who chose the remiss

---

[3] La. C.C.P. art. 1702 provides, in pertinent part:

A. A preliminary default must be confirmed by proof of the demand that is sufficient to establish a prima facie case and that is admitted on the record prior to the entry of a final default judgment. The court may permit documentary evidence to be filed in the record in any electronically stored format authorized by the local rules of the district court or approved by the clerk of the district court for receipt of evidence. If no answer or other pleading is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the preliminary default. When a preliminary default has been entered against a party that is in default after having made an appearance of record in the case, notice of the date of the entry of the preliminary default must be sent by certified mail by the party obtaining the preliminary default to counsel of record for the party in default, or if there is no counsel of record, to the party in default, at least seven days, exclusive of holidays, before confirmation of the preliminary default.
B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering a final default judgment.
(2) When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering a final default judgment.
(3) When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.

10

attorney, rather than the plaintiff, should bear the consequences of that choice.

*Id*. at p. 12, 868 So. 2d at 179-180.

In this case, as in *Gresham*, Precept's counsel fully complied with the procedural rules for obtaining the default judgment. Precept submitted evidence sufficient to establish a prima facie case against Walker, primarily the certified copy of the recorded Tax Sale Certificate which was admitted into evidence at the confirmation hearing. *See, e.g.*, *Giordano v. Riverbend Rentals Co.*, 95-2264, p. 3 (La. App. 4 Cir. 5/8/96), 674 So. 2d 444, 446 ("A tax deed is prima facie evidence of a valid tax sale. . . . A tax sale is presumed valid and the party attacking it bears the burden of establishing any invalidity.")(citing La.Const.Art. 7, § 25); La. R.S. 47:2155(B)("A certified copy of the tax sale certificate is prima facie evidence of the regularity of all matters regarding the tax sale and the validity of the tax sale.").

In addition, Walker's counsel made no appearance of record and Precept was not obligated to notify counsel prior to entry of the preliminary default or confirmation of the default. *See Crump v. Bank One Corp.*, 35,990, p. 8 (La. App. 2 Cir. 5/8/02), 817 So. 2d 1187, 1192 ("Having concluded that the discovery responses filed by FGB are not sufficient as an appearance or answer so as to preclude the harsh remedy of a default judgment, we also conclude that the filing of the discovery responses did not entitle FGB to notice of Crump's intent to take a default judgment.").

In consideration that Precept complied with the applicable law and procedures for obtaining a default judgment, that Precept had no obligation to notify Walker's counsel prior to obtaining the default, that Walker failed to make an appearance of record or file an answer at any time prior to default, and that

11

Walker's counsel failed to maintain ongoing communication with Precept, we cannot find any reasonable good grounds for granting a new trial in this case.

## CONCLUSION

For the foregoing reasons, we find that the trial court abused its discretion in granting Walker's motion for new trial. Accordingly, we grant Precept's writ and reverse the trial court's ruling.

**WRIT GRANTED; RULING REVERSED**