678 So.2d 73 (1996)
ORLEANS SHEET METAL WORKS AND ROOFING, INC.
v.
LANDIS COMPANY, INC.
No. 96-CA-0029.
Court of Appeal of Louisiana, Fourth Circuit.
July 24, 1996.
Jacob Kansas, New Orleans, for Plaintiff-Appellee.
H. Bruce Shreves, Charles Co. Coffee, Simon, Peragine, Smith & Redfearn, New Orleans, for Defendant-Appellant.
*74 Before BYRNES, ARMSTRONG and WALTZER, JJ.
ARMSTRONG, Judge.
In this suit for payment under a contract, the defendant, Landis Company, Inc. ("Landis"), appeals from a default judgment rendered in favor of the plaintiff, Orleans Sheet Metal Works and Roofing, Inc. For the following reasons, we now vacate the judgment of the trial court and remand.
The plaintiff and the defendant allegedly entered into a subcontract whereby the plaintiff was to perform roofing and sheet metal work on a residence in New Orleans for $42,750.00. There were change orders to the original contract and some extra work was done. The plaintiff filed suit on a "conventional obligation" for $10,945.00 it claimed the defendant owed for work performed. On October 19, 1995, sixteen days after service of the petition, the plaintiff obtained a default judgment against the defendant in the amount of $10,945.00. The defendant now appeals.
The defendant raises a number of assignments of error. We find one dispositive. The defendant claims the plaintiff failed to make a prima facie showing that it performed the work for which it sought payment. La.C.C.P. art. 1702 provides for confirmation of default judgments and states, in pertinent part:
A. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case....
B. (1) When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authentication, and sufficient proof of such demand....
A plaintiff seeking to obtain a default judgment must establish the elements of a prima facie case with competent evidence, as fully as though each allegation in the petition had been denied. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254 (La.1993). "In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits." Sessions & Fishman, 616 So.2d at 1258, quoting Thibodeaux v. Burton, 538 So.2d 1001 (La.1989).
In support of its motion for confirmation of the preliminary default judgment, the plaintiff offered the testimony of Louis T. Schwander Jr., the president of Orleans Sheet Metal and Roofing Co. Mr. Schwander identified a copy of the contract between his company and Landis, two change orders, copies of a number of invoices from his company to Landis, some marked paid, and a copy of a certificate of substantial completion, indicating that the work on the residence by Landis was "substantially complete." At no point in his testimony did Mr. Schwander say that the work listed on the invoices had been performed. The trial court asked if there had been any complaints as to the quality of the work, and Mr. Schwander replied, "No, not that I was aware of."
The defendant argues that the plaintiff failed to make out a prima facie case that it had done the work for which it was seeking payment. We agree. While there is a presumption that a default judgment is supported by the record, that presumption does not attach when the record upon which the judgment is rendered indicates otherwise. Band v. First Bankcard Center, 94-0601 (La.App. 4th Cir. 9/29/94), 644 So.2d 211, 217, writ granted in part with order, on other grounds, 94-3062 (La. 2/9/95), 650 So.2d 738, quoting Sessions & Fishman v. Liquid Air Corp., supra.
The invoices do not establish that the work was actually performed. The certificate of substantial completion only establishes that work by the contractor, Landis, was substantially complete. It does not reflect that Orleans Sheet Metal Works and Roofing, Inc., performed any of that work. And Mr. Schwander's statement, in answer to a question by the court, that there had been no complaint regarding the quality of the work his company performed, does not establish that the work for which it sought payment had been performed. This statement could refer to the other work which the plaintiff had performed for Landis and for which it already had been paid by Landis. Thus, the *75 plaintiff failed to make out a prima facie case that it had performed the work for which it sought payment.
For the foregoing reasons, we vacate the judgment of the trial court and remand this case for further proceedings.
VACATED AND REMANDED.