707 So.2d 57 (1997)
Patricia GLEASON and David Gleason
v.
Donald A. PALMIERI.
Donald A. PALMIERI
v.
Patricia GLEASON.
Nos. 97-CA-0624, 97-CA-0625.
Court of Appeal of Louisiana, Fourth Circuit.
December 23, 1997.
Rehearing Denied January 30, 1998.
Writ Denied April 9, 1998.
Byrne W. Dyer, III, Gretna, for Appellant Donald A. Palmieri.
Susan J. Burkenstock, Stephanie D. Skinner, Gelpi, Sullivan, Carroll & Gibbens, New Orleans, for Appellee Patricia Gleason.
KLEES, Judge.
The issue presented to us on appeal is whether a declaratory judgment finding an original default judgment valid and "should not be declared null" is in error.
For the reasons expressed below, we reverse.
The first lawsuit was filed in October of 1988 by Patricia and David Gleason, the original plaintiffs, against David A. Palmieri for breach of contract and breach of fiduciary duties. (CDC # 88-21117). David Palmieri allegedly used jewelry, in which he and the Gleasons had an interest, as collateral on a loan that he later defaulted on. The total amount sought by the original plaintiffs was $844, 149.78, with legal interest and attorney's fees.
The original defendant, Mr. Palmieri, was served pursuant to the Louisiana Long Arm Statute, R.S. 13:3204. Exceptions to jurisdiction and service were filed and later denied. On March 29, 1993, a preliminary default was granted. The default was confirmed on July 23, 1993 and amended on August 10, 1993.[1]
On July 26, 1995, a motion for new trial was filed and was denied on September 25, 1995. Thereafter, a notice of appeal was dismissed on May 3, 1996.
The second lawsuit, a petition to annul the default judgment, was filed by Mr. Palmieri on November 20, 1995. (CDC # 95-17386).
*58 The two lawsuits were later consolidated under CDC # 88-21117.
A motion for declaratory judgment, filed by the original plaintiffs, Patricia Gleason, individually and on behalf of her deceased husband, David Gleason, was granted on September 20, 1996. The judgment declared the original default judgment to be valid and "should not be declared null."
The issue of whether this declaratory judgment was properly granted requires an assessment of nullity actions and the validity of the underlying default judgment.

NULLITY ACTIONS
A final judgment may be annulled for vices of either form or substance. La.C.C.P. art. 2001. A final judgment shall be annulled if it is an invalid default judgment. La.C.C.P. art. 2002(2).
The action to annul the judgment must be brought in the trial court. La. C.C.P. art. 2006. An action for an absolute nullity under La. C.C.P. article 2002 "may be asserted by any person with interest in a collateral proceeding at any time and before any court, without resort to an action of nullity." Ledford v. Pipes, 507 So.2d 9, 11 (La.App. 2 Cir.1987). See also Webster v. Boh Brothers Construction Co., Inc., 603 So.2d 761 (La.App. 4 Cir.1992). The nullity action may be raised collaterally, which leaves open the option of filing a direct action. Hence, there is no procedural bar to attacking an absolute nullity in a separate, direct action.
We next question whether the underlying default judgment in this matter is an absolute nullity under C.C.P. art. 2002.

DEFAULT JUDGMENTS
The record contains a transcript of the July 23, 1993 hearing on the motion to confirm the preliminary default. At this hearing, there was no evidence presented at the hearing. An attorney introduced herself and there was a discussion about an attorney's attempt to withdraw from the case. Under La. C.C.P. article 1702(A), a default judgment must be supported with proof "sufficient to establish a prima facie case." When a demand is based on a conventional obligation, the affidavits and attached exhibits "shall be admissible, self-authenticating, and sufficient proof." La. C.C.P. art. 1702(B)(1). The Court may also require some oral testimony before rendering judgment.
"A judgment by default shall not be different in kind from that demanded in the petition. The amount of damages awarded shall be the amount proven to be properly due as a remedy." (Emphasis added.) La. C.C.P. art. 1703.
A plaintiff seeking to obtain a default judgment must establish the elements of a prima facie case with competent evidence, as fully as though each allegation in the petition had been denied. Orleans Sheet Metal Works and Roofing, Inc. v. Landis Company, Inc., 96-0029 (La.App. 4 Cir. 7/24/96), 678 So.2d 73, 74. "In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits." Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993), quoting Thibodeaux v. Burton, 538 So.2d 1001 (La.1989).
While there is a presumption that a default judgment is supported by the record, that presumption does not attach where the record indicates otherwise. Band v. First Bankcard Center, 94-0601 (La.App. 4 Cir. 9/29/94), 644 So.2d 211, 217, writ granted in part with order, on other grounds, 94-3062 (La. 2/9/95), 650 So.2d 738.
Here there was absolutely no evidence presented to support the judgment. The plaintiff, Patricia Gleason, individually and on behalf of David Gleason's estate, failed to establish by prima facie evidence that Mr. Palmieri breached any contract or fiduciary duties owed to the plaintiffs.

CONCLUSION
Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. The declaratory judgment has the force and effect of a final judgment or decree. La. C.C.P. art. 1871.
*59 For the foregoing reasons, we reverse the declaratory judgment of the trial court finding the underlying default judgment to be invalid and constituting an absolute nullity and we remand for further proceedings consistent with this judgment.
REVERSED AND REMANDED.
NOTES
[1] The July judgment was a blank judgment for the plaintiff with no specifics. The August judgment states the specifics as prayed for in the plaintiff's petition. Mr. Palmieri objects to this procedure, however, this issue is not reached for the following reasons.