|2PARRO, Judge.
National Income Realty Trust appeals the trial court’s judgment dismissing its suit to nullify a default judgment obtained against it and in favor of Cecilia Stephens Paddie in the amount of $250,000. We reverse.
FACTUAL AND PROCEDURAL BACKGROUND
In June 1994, Cecilia Stephens Paddie filed suit against Consolidated Capital Income Trust (“CCIT”), claiming damages for injuries she sustained in a fall at the Flannery House Apartments in Baton Rouge (“the personal injury suit”).[1] The personal injury suit named various persons and entities as defendants, alleging they were “owners and/or agents and/or managers for the owners” of the apartment complex. Citation and service were made on CCIT through its registered agent for service of process. No answer was filed, and in March 1995, a preliminary default was entered against CCIT. In November 1995, the preliminary default was confirmed and judgment rendered against CCIT for $250,000, with legal interest from June 1994, plus all costs. The judgment was not appealed.
This suit was filed by National Income Realty Trust (“NIRT”) in August 1996, alleging the judgment against it in the personal injury suit was null.[2] The parties filed cross motions for summary judgment and the court granted Ms. Paddie’s motion, dismissing NIRT’s nullity action. This appeal followed. NIRT claims the judgment of default in the personal injury suit is defective because it was not confirmed by competent proof of the demand sufficient to establish a prima facie ease. Ms. Paddie disagrees, arguing that the issue of sufficiency of evidence should have been raised in a motion for new trial or in an appeal, and is not properly considered in a nullity action.
1,APPLICABLE LAW
This action to nullify a final judgment is brought under the provisions of Article 2002 of the Louisiana Code of Civil Procedure, which mandates annulment in certain narrowly prescribed situations. One of these grounds for annulment is when the judgment has been rendered against a defendant against whom a valid judgment by default has not been taken. LSA-C.C.P. art. 2002(A)(2).[3] A judgment by default may be entered against a defendant who fails to answer within the time prescribed by law. LSA-C.C.P. art. 1701(A). Such a judgment must be confirmed by proof of the demand sufficient to establish a prima facie ease. LSA-C.C.P. art. 1702(A). The plaintiff must establish the elements of a prima facie case with competent evidence, as fully as *935 though each of the allegations in the petition were denied by the defendant. Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254, 1258 (La.1993). When the plaintiffs demand is based on a delictual obligation, the testimony of the plaintiff with corroborating evidence shall be admissible, self-authenticating, and sufficient proof of such demand. LSA-C.C.P. art. 1702(B)(2).
An action for nullity is not a substitute for an appeal. As a general proposition, several courts have noted that the proper procedure to remedy a failure of proof is through a motion for new trial and/or an appeal, not an action to nullify the judgment. See State v. One 1990 GMC Sierra Classic Truck, 94-0639 (La.App. 4th Cir. 11/30/94), 646 So.2d 492, 496, writ denied, 94-3171 (La.2/17/95), 650 So.2d 254; Hollander v. Wandell, 97-556 (La.App. 5th Cir. 11/12/97), 703 So.2d 742, 745. However, the jurisprudence has also established that, while there is a presumption that a default judgment is supported by the record, that presumption does not attach where the record indicates otherwise. Gleason v. Palmieri, 97-0624, 97-0625 (La.App. 4th Cir. 12/23/97), 707 So.2d 57, 58, writ denied, 98-0517 (La.4/9/98), — So.2d — , |41998 WL 234823. Furthermore, in a case in which the record in the underlying suit revealed that no evidence as to each element of the cause of action was presented at the hearing to confirm the default, the default judgment in the underlying suit was an absolute nullity and was declared invalid. See Gleason, 707 So.2d at 58.
These cases suggest that when the issue being considered is the nature and sufficiency of the evidence presented in support of the plaintiffs cause of action, any defects in such evidence must be addressed by a motion for new trial or appeal. However, a complete failure of proof can also be addressed in an action of nullity.
ANALYSIS
The situation before us involves the confirmation of a default judgment in a personal injury suit. Two confirmation hearings were held, because the plaintiff was unable to submit all of the medical evidence at the first hearing. At these hearings, the plaintiff, Ms. Paddie, testified concerning the circumstances under which she was injured and the nature and severity of her injuries. Ms. Paddie stated that she rented an apartment in the Flannery House Apartments in Baton Rouge. While a tenant there on June 30, 1993, she fell as she was coming down the apartment stairs. She testified that the handrail broke, causing her to fall and injure her lower back. Ms. Paddie stated that at the time of the second hearing, over two years after the injury, she still experienced severe pain in her lower back every morning when she tried to get out of bed. In connection with her testimony, copies of various medical records and invoices were submitted to support her claim. Ms. Paddie’s mother also testified. Her testimony confirmed that since the accident, Ms. Paddie had experienced continuing problems with her back and with one hip, for which she had received medical treatment. After hearing the testimony and considering the medical information and invoices, the trial court confirmed the judgment and awarded Ms. Paddie “$250,000 in general damages, including specials.”
|5In this nullity action, NIRT alleges several problems with the nature and sufficiency of the evidence presented at the confirmation hearings in the personal injury suit, including the hearsay nature of the medical records and the failure to include affidavits from the physicians. As the jurisprudence suggests, these types of defects are more properly addressed by way of an appeal, rather than in a nullity action. However, we do not need to address these problems, because NIRT also points out that, on one element of the plaintiffs cause of action in the personal injury suit, no evidence at all was presented. Nothing was said or introduced at either of the two confirmation hearings to establish the relationship of CCIT to the premises where Ms. Paddie fell. Ms. Paddie did not say who her landlord was or who managed the apartments; no ownership records for the apartments were introduced. In short, there is no evidence at all in the personal injury suit to link CCIT to the Flannery House Apartments.
While we agree with Ms. Paddie that evi-dentiary shortcomings are more properly *936 raised by an appeal, rather than a nullity action, we cannot ignore the clear statement in Article 2002 that a final judgment shall be annulled when it is- rendered against a defendant against whom a valid judgment by default has not been taken. If Ms. Paddie had presented some evidence linking CCIT to the premises where she fell, we would be in the situation of evaluating the sufficiency of that evidence, which is not the function of ah action to nullify a judgment. However, because she did not say anything or offer any proof about this element of her claim against CCIT, she failed to establish a prima facie case that CCIT — or anyone — was liable to her for the injuries she sustained. The judgment in the personal injury suit was not valid and must be annulled.
The trial court in this nullity action erred, as a matter of law, in granting Ms. Paddie’s motion for summary judgment and dismissing NIRT’s claims. Accordingly, the judgment appealed from must be reversed.
Both motions for summary judgment were argued and submitted to the trial court at the same time. Accordingly, this court has a complete record before it. Given the rationale of our decision on Ms. Paddie’s motion for summary judgment, a decision in favor of NIRT on its motion for summary judgment is a foregone conclusion. Accordingly, it would serve no purpose to remand this case to the trial court for further proceedings. Pursuant to this court’s authority under LSA-G.C.P. art. 2164, we grant NIRT’s motion for summary judgment, and declare the default judgment in the personal injury suit-a nullity.
CONCLUSION
Based on the foregoing, we reverse the judgment of the trial court and render judgment in favor of NIRT. Finding the judgment in the personal injury suit was invalid, it is hereby declared to be absolutely null. All costs of this appeal are assessed against Ms. Paddie.
REVERSED AND RENDERED.

. The case was captioned, "Cecilia Stephens Pad-die v. Consolidated Capital Income Trust, Flan-nery House Apartments, National Realty Advisors, National Realty Advisors d/b/a Flannery House Apartments, Dee Chaney and Liberty National Fire Insurance Company," and docketed as No. 407,-503, Division "A" of the Nineteenth Judicial District Court.

. At some point, the name of Consolidated Capital Income Trust was changed to National Income Realty Trust. Therefore, although the judgment in the personal injury suit was obtained against Consolidated Capital Income Trust, the suit to nullify that judgment was properly brought by National Income Realty Trust.

.This article was amended in 1997, but this ground for annulment remained the same. See LSA-C.C.P. art.2002(2), prior to the 1997 amendment.