939 So.2d 595 (2006)
Maya BALAKRISHNAN
v.
LOUISIANA STATE UNIVERSITY SCHOOL OF MEDICINE in New Orleans, the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College.
The State of Louisiana, et al.
v.
Maya Balakrishnan.
Nos. 2005-CA-1266, 2005-C-1503.
Court of Appeal of Louisiana, Fourth Circuit.
September 13, 2006.
Rehearing Denied October 31, 2006.
*596 Roger D. Phipps, Phipps & Phipps, New Orleans, Louisiana, for Plaintiff/Appellee.
Charles C. Foti, Jr., Attorney General State of Louisiana, Paul B. Deal, Assistant Attorney General/Office Chief, New Orleans, Louisiana, for Defendants/Appellants.
(Court composed of Judge JAMES F. McKAY, III, Judge DENNIS R. BAGNERIS, SR., Judge EDWIN A. LOMBARD).
JAMES F. McKAY III, Judge.
The appellant Louisiana State University School of Medicine ("LSU Medical School"), The Board of Supervisors of Louisiana State University and Agricultural and Mechanical College and the State of Louisiana (the State), appeals the judgment of the trial court. The trial court entered an order/judgment of preliminary default, a judgment confirming the default, issued a mandatory injunction, awarded six separate damages, attorney's fees and cost totaling $650,453, and denied the defendant's motion for new trial and/or to set aside the default judgment and return the case to the ordinary docket. We agree with appellant's contentions and set aside the judgment of the trial court and remand the matter for a new trial.
FACTS AND PROCEDURE
This appeal primarily concerns the issue of insufficient evidence to support the Duty Judge's granting of a preliminary default against the appellant and trial court's improvident confirmation of the default judgment. As a result of this confirmation a mandatory injunction was issued; also damages, attorney's fees and cost were awarded to Maya Balakrishnan. Further, the trial court ordered, adjudicated, and decreed that within 30 days from the signing of the judgment that the defendant, LSU Medical School, grant and issue Maya Balakrishnan, a diploma and certification, signed by the requisite University authorities, stating that she had completed the LSU psychiatry residency program. This particular issue is of great concern to this Court in light of the record before us.
On January 21, 2005, Maya Balakrishnan, file a petition in Civil District Court for the Parish of Orleans entitled "Maya Balakrishnan v. Louisiana State University Board of Supervisors of Louisiana State University and Agricultural and Mechanical College." The petition asserted discrimination and damages as a result of the action of LSU Medical School, pursuant to Title 42, USC, § 1981, 1983 and the Fourteenth Amendment to the United States Constitution.
On February 25, 2005, the Orleans Parish Civil District Court Duty Judge Madeline Landrieu, entered a preliminary default judgment against the defendant. On April 7, 2005, the trial court, as per the order and judgment of the docketed division "A", Judge Carolyn W. Gill-Jefferson, confirmed the preliminary default against *597 the defendant. The trial court, as its reasons for judgment adopted the plaintiff's memoranda in opposition to the defendant's motion for new trial. The judgment is as follows:
IT IS ORDERED, ADJUDICATED AND DECREED that within 30 days from the signing of this judgment, Defendant grant and issue Plaintiff/Petitioner's diploma and certification, signed by the requisite University authorities, stating that she has completed the LSU psychiatry residency program;
IT IS ORDERED, ADJUDICATED AND DECREED that Defendant pay Plaintiff back pay of $129.167.00;
IT IS ORDERED, ADJUDICATED AND DECREED that Defendant pay Plaintiff front pay of $300,000.00;
IT IS ORDERED, ADJUDICATED AND DECREED that Defendant pay Plaintiff nonpecuniary compensatory damages for pain and suffering, emotional distress, humiliation, embarrassment, inconvenience in the amount of $100,000.00;
IT IS ORDERED, ADJUDICATED AND DECREED that Defendant pay attorney's fees of $20,577.00;
IT IS ORDERED, ADJUDICATED AND DECREED that Defendant pay the cost of this litigation in the amount of $709.00 to plaintiff;
IT IS ORDERED, ADJUDICATED AND DECREED that pursuant to Louisiana Civil Code Article 2315, Defendant pay Plaintiff $100,000.00.
On April 14, 2005, the defendant filed a motion for new trial and/or motion to vacate default judgment, which the trial court denied on May 25, 2005.
ASSIGNMENTS OF ERROR
The appellant forwards two assignments of error. First, the appellant asserts that the evidence produced by plaintiff at the default hearing on April 6, 2005, was insufficient to justify and support the confirmation judgment. Second, the appellant asserts that the trial court committed error in failing to annul the preliminary and confirmation default judgments and in failing to grant the appellant's motion for new trial.
STANDARD OF REVIEW
In reviewing a default judgment, an appellate court is restricted solely to determining whether the record contains sufficient evidence to support a prima facie case. Mossy Motors, Inc. v. Cameras America, XXXX-XXXX, p. 3 (La.App. 4 Cir. 6/25/03) 851 So.2d 336, 339; Brasseaux v. Allstate Insurance Company, 97-0526 (La. App. 1 Cir. 4/8/98), 710 So.2d 826.
BURDEN OF PROOF
The Louisiana Code of Civil Procedure provides in article 1702: "A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." La. C.C.P. art. 1702(A). Construing the prima facie case requirement of Article 1702, the Louisiana Supreme Court in Sessions & Fishman v. Liquid Air Corp., 616 So.2d 1254 (La.1993), stated: In order for a plaintiff to obtain a default judgment, "he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant." Thibodeaux v. Burton, 538 So.2d 1001, 1004 (La.1989); Blue Bonnet Creamery, Inc. v. Simon, 243 La. 683, 146 So.2d 162, 166 (1962).
"In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail on a trial on the merits." Thibodeaux, 538 So.2d at 1004; Also See. Cornish v. Doctors Care, LLC, XXXX-XXXX (La.App. 4 Cir. 6/12/02), 819 So.2d 1158, *598 1162; Gleason v. Palmieri, 97-0624, p. 3 (La.App. 4 Cir. 12/23/97), 707 So.2d 57, 58. While there is a presumption that the record supports a default judgment, that presumption does not attach where the record indicates otherwise. Id. See also, Orleans Sheet Metal Works and Roofing, Inc. v. Landis Co., Inc., 96-0029, pp. 2-3 (La.App. 4 Cir. 7/24/96), 678 So.2d 73, 74. Although there is a presumption that the judgment confirming a default is supported by competent evidence, it does not apply when, as in this case, there is a transcript of the confirmation proceeding. Hall v. Folger Coffee Co., XXXX-XXXX (La.App. 4 Cir. 10/1/03), 857 So.2d 1234,1244; Hickman v. Wm. Wrigley, Jr., Co., 33,896 (La.App. 2 Cir. 10/4/00), 768 So.2d 812.
As a corollary, "[e]xcept as authorized by the Code of Civil Procedure Article 1702, or evidence that fits within one of the exceptions provided by [the Louisiana Evidence] Code, hearsay evidence is inadmissible to confirm a default." Id.; see La. C.E. art. 1101(A)(providing that "[e]xcept as otherwise provided by legislation, the provisions of this Code shall be applicable to the determination of fact . . . in proceedings to confirm a default.")
Likewise, depending on the nature of the plaintiff's demand, Article 1702 sets forth several exceptions to the rule against the use of hearsay evidence at the confirmation hearing. One of those pertinent exceptions is "[w]hen a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such [delictual] demand." La. C.C.P. art. 1702(B)(2).
Where, as here, the confirmation hearing was transcribed for our review, it is incumbent upon this Court to determine whether the evidence supporting the judgment, if any, is both competent and sufficient to sustain the plaintiff's burden of proving a prima facie case.
DISCUSSION
The appellant asserts in its first assignment of error that the default evidence offered by Maya Balakrishnan was insufficient to sustain the preliminary and ultimately the confirmation of the default judgment. After a comprehensive review of the record we agree with the appellant's position that the evidence in the record is insufficient to sustain the default judgment.
By way of background, Dr. Balakrishnan, a female of Indian national origin, asserts that she attended Cornell University in Ithaca New York, where she earned an undergraduate degree. She then attended medical school and graduated from Kasturba Medical College in Manipal, India. She completed her internship requirement as a visiting medical student at the University of Rochester School of Medicine in 1998. She then completed her medical student clinical rotations at the Cleveland Clinic Foundation, Cleveland, Ohio. She followed this up with two years of psychiatry residency education at Tufts University, New England Medical Center, Boston, Massachusetts and one year at Georgetown University Hospital in Washington, D.C. Subsequently, she began her employment at Louisiana State University School of Medicine in New Orleans in July 2002 as a resident in the "Resident and Fellow Training Program.[1]" She avers that she completed two years in the psychiatry residency program at LSU Medical School. She was scheduled to complete *599 this program on July 30, 2004. On July 14, 2004, LSU School of Medicine in New Orleans, through its program director Dr. Griffies, requested that Dr. Balakrishnan submit to a "fitness for duty" evaluation through the Employee Assistance Program (EAP); allegedly because she was suffering depression. Dr. Balakrishnan alleged that she complied with this request. This was followed up with a recommendation that she go to a residential treatment evaluation facility for three days at Pine Groove Recovery Center in Hattiesburg, Mississippi, at her personal cost of $5,000. She alleges that this was required in order for her to receive her diploma. While at Pine Groove Recovery Center, at her exit interview the evaluating physician Dr. Osofsky allegedly confronted her with two accusations. One that she participated in an escort service; and, that she falsified a licensure test score. She denied these allegations. Thereafter, she was allegedly determined to be "unfit for duty". Subsequently, LSU Medical School suggested, presumably based on the above allegations and according to her estimation, she participate in a two-week outpatient, non-residential program at DePaul/Tulane. She asserts that she complied with the proposal and that the psychiatrist at DePaul/Tulane determined that she was "fit for work." This was supported in a psychiatric consultation with Robert B. Detrinis M.D., dated November 15, 2004.
The appellee testified that in a letter dated December 20, 2004, LSU Medical School through the head of the department of psychiatry informed her that,
. . . due to "unethical and unprofessional behavior of misrepresenting your USMLE [United States Medical Licensing Examination] score report to the director[2] [and the appearance of her alleged picture on an escort web site],
. . . we do not feel we can graduate you from our program and do not plan to certify your satisfactorily completion of our program. We acknowledge that you have satisfactorily completed the administrative aspects of the program, but you have not met the ethical and professional requirements of our program. Normally such a situation would lead to a plan for remediation, but our attempts to address these concerns have failed.
Although Maya Balakrishnan alleges as to the existence of this letter and despite the trial court's adoption, in its reasons for judgment, of Appellee's Memorandum In Opposition To Defendant's Motion For New Trial and/or Vacate Default Judgment, no part of the record before either the trial court or this Court establishes competent evidence proving the existence of this letter much less its contents.
In reference to the LSU Medical School's allegations that Maya Balakrishnan falsified a USMLE Step 3 Score Report, she asserts that the Director of the Residency Program and LSU Medical School wrote to the USMLE, stating she was a foreign student that she had two years until after she had transferred into the LSU program to take the Step 3 exam even though she was a PGY-3. Furthermore, the Director added that whether or not Dr. Balakrishnan had passed the Step 3 test was of no consequence to her satisfactory completion of the residency program at LSU Medical School. Furthermore, there is no evidence of this letter in the record or any evidence of a test score for either the trial court or this Court to review. There is also no corroborating evidence that this accusation was actually perpetrated upon Dr. Balakrishnan.
The appellee also asserts that she was discriminated against because of her *600 race and/or national origin and/or sex as were other minority fellows/residents. While the appellee's testimony is replete with unsubstantiated scenarios of other fellows/residents, who also suffered similar discrimination in that they were treated differently for various infractions during their fellowships/residencies based on race and sex, there is no evidence in the record to support this assertion other than her self-serving testimony. Dr. Balakrishnan further asserts that she was defamed by LSU Medical School in that it circulated and repeated rumors that she had engaged in immoral behavior. Thus, the appellant defamed, and/or libeled and slandered her. She claims that she deserves a damage award pursuant to La. C. Civ. Art. 2315. The only piece of evidence in the record is a letter to her attorney, Mr. Phipps, dated 3/1/05 in which Warren J. Fournier II, M.D. a Staff Physician at Charters-Pontchartrain Mental Health Center, wrote:
This letter is regarding an incident that occurred on the night of October 31, 2004. During a Halloween party in which several members of the Louisiana State psychiatric residents were present, Kelly Guidry, assistant to Dr. Scott Griffies, approached me, saying that the residency program had reason to believe that Dr. Balakrishnan was a prostitute.
Clearly, this is insufficient to establish corroborating evidence that the appellee was defamed. There is no foundation in the record to establish the writer's reliability nor verifiable identification perhaps in the form of an affidavit from said writer, nor is his rendition of the occurrence verified or corroborated. At the most it appears to be a rumor. It is simply insufficient to corroborate the testimony of Dr. Balakrishnan.
Dr. Balakrishnan, relative to her claim for loss of income (back pay and front pay), asserts that due to LSU Medical School's actions in refusing to provide her with a diploma/certification that she had successfully completed her residency program that she is unable to work as a psychiatrist. Although she testified as to various job offers, in particular a job as a psychiatrist in Chicago, no documentation of any employment offers were substantiated in the record. The only documentation in the record are various letters of recommendation unrelated to any specific employment opportunities. None of this reaches the standard of her burden of proof to establish by competent evidence her claim for back and front pay.
As to the establishment of attorney fees there is ample proof in the record including a detailed accounting by her attorney Mr. Phipps.
These findings pretermit our consideration of the appellants remaining arguments.
CONCLUSION
For the foregoing reasons, the default judgment entered in this matter is vacated and set aside. The matter is remanded for further proceedings.
DEFAULT JUDGMENT VACATED AND SET ASIDE; REMANDED
NOTES
[1] She was elected chief resident.
[2] The director would be the Director of the Residency Program at LSU