EDWIN A. LOMBARD, Judge.
|,Appellant, Provident Bank, appeals a judgment from the Civil District Court for the Parish of Orleans, granting a “permanent default” judgment in favor of Ap-pellee, Lorina M. Leslie, in an executory proceeding pertaining to a mortgage agreement between appellee and Provident Bank, as mortgage assignee. For the reasons set forth below, we reverse the decision of the district court and remand for proceedings consistent with this opinion.

*1198
Factual and Procedural History

On October 17, 2002, Provident Bank filed a Petition for Executory Process against Lorina M. Leslie, for allegedly being in default of payments on a mortgage agreement pertaining to the property located at 7331 Arbor Drive in New Orleans since August of 1999. Said mortgage obligation was entered into by Ms. Leslie in September 1998. An order granting a writ of seizure and sale was signed on October 21, 2002. Prior to any judicial sale of the property, on February 4, 2003, Ms. Leslie [R p. 35] filed a Chapter 13 petition in the United States Bankruptcy Court for the Eastern District of Louisiana. On May 21, 2003, upon motion by Provident Bank, the Bankruptcy Court ordered a lifting of the automatic stay, fallowing Provident Bank to move forward with the seizure and sale of the mortgaged property.
Pursuant to a writ of seizure and sale, a sale of the property was scheduled for May 20, 2004. On May 18, 2004, appellee filed a “Petition for an Order Suspending the Seizure and Sale Order and/or for a Preliminary Injunction and/or a Permanent Injunction and/or for Damages and/or for the Return of the Seized Property” (hereafter referred to as appellee’s “petition for injunction”) in the same action in Civil District Court. In said petition, ap-pellee alleged that Provident Bank failed to meet the legal requirements for execu-tory process. Ms. Leslie further alleged that the mortgage note at issue was not signed by her and was a forgery. She raised a defense of continued payment and also requested a preliminary injunction halting any sale of the property pursuant to La.Code Civ. Proc. art. 2752. Finally, appellee made claims for monetary damages under La.Rev.Stat. § 51:1401, et seq., the Louisiana Unfair Trade Practices and Consumer Protection Law.
On July 20, 2004, appellee’s bankruptcy action was dismissed. On June 10, 2005, appellant filed a Motion and Order to Reset Sale as a result of the bankruptcy case being dismissed. Said order was granted to Provident Bank by the district court, and the writ of seizure and sale was reissued. On June 27, 2005, Ms. Leslie filed a “Motion and Order for Preliminary Default Judgment,” alleging that Provident Bank failed to file any responsive pleadings to her petition for injunction of May 18, 2004. An order granting a “preliminary default” was signed by the district court on June 28, 2005.
Also on June 27, 2005, appellee filed a Motion to Set Hearing Date and to Nullify Order that Writ of Seizure and Sale be reissued and Served Upon the | ¡¡Defendant. On June 28, 2005, the district court ordered that the reissue of seizure and sale be nullified, and that a hearing on Ms. Leslie’s petition for injunction of May 18, 2004 be set for October 21, 2005.
Although the hearing that appellee requested had been set, appellee proceeded to file a “Motion and Order for a Permanent Default Judgment” on July 18, 2005. The duty judge of the district court entered an order granting “a permanent default” against Provident Bank on the same date. On July 19, 2005, appellee appeared before the duty judge to offer a proces verbal in conjunction with said “permanent default” granted by the duty judge. Ap-pellee stated on record the procedural history since her petition for injunction, and described the service of process of that motion as well as the motion for default judgment on Provident Bank. The transcript does not reflect that any exhibits were entered at this hearing, and the record contains no attachments to the Motion and Order for a Permanent Default Judgment other than a proof of service of the preliminary default on July 12, 2005.
*1199 On July 20, 2005, Provident Bank filed a Motion and Order for Extension of Time in which to provide responsive pleadings to Ms. Leslie’s petition for injunction. The district court granted a 30-day extension within which to file responsive pleadings on that same day. On July 25, 2005, Provident Bank then filed a Motion and Order for New Trial on the premise that appellee did not comply with the confirmation of default judgment requirements set forth in La.Code Civ. Proc. art. 1702. A hearing on appellant’s Motion for New Trial was set for August 26, 2005. Provident Bank also filed a Dilatory Exception of Prematurity and Improper Cumulation of Actions. A hearing on the same was set for October 21, 2005.
4On August 17, 2005, appellant filed a Rule to Show Cause why Sheriffs Sale Should Not be Reset, and a hearing on this motion was set for December 2, 2005 by the district court. Because of Hurricane Katrina, the August 26, 2005 hearing, the hearings of October 21, 2005, and the hearing of December 2, 2005 were not held.
On January 31, 2008, appellant filed a Motion and Order to Reset Motion for New Trial. Said hearing took place on July 11, 2008. The district court stated the signed order of July 18, 2005 “does not give you any merit. This judgment is just a recitation of the procedural process ... it has to give some relief. This doesn’t give any relief ... How would a person served with this judgment know what has been adjudicated?”
The district court asked appellee to “put it in the form of a judgment” and seek a “judgment on this default confirmation” of July 18, 2005 from the duty judge who signed it. The presiding judge (Magee, J.) did not consider the signed “permanent default” by the duty judge to be an appropriate confirmation of default. Therefore, the court denied Provident Bank’s Motion for New Trial as premature because “there is no judgment in this case.” Provident Bank then filed a Petition for Devolutive Appeal to appear before this Court.

Assignment of Error

Provident Bank, appellant, raises a sole assignment of error that the trial court erred by entering a confirmation of the default judgment on July 18, 2005 when Lorina M. Leslie presented no supporting evidence. Provident Bank states that it also brought forth this appeal to reverse the denial of its Motion for New Trial, but does not brief this Court on this aspect. Appellee argues that she has | .¡properly proved a confirmation of the default judgment under La.Code Civ. Proc. art. 1702(C).

Standard of Review

Questions of law are reviewed under the de novo standard. Louisiana Municipal Association v. State, 2004-0227, p. 35 (La.1/19/05), 893 So.2d 809, 836; Sarpy v. ESAD, Inc., 2007-0347, p. 4 (La.App. 4 Cir. 9/19/07), 968 So.2d 736. In reviewing a confirmation of a default judgment, an appellate court is restricted solely to determining whether the record contains sufficient evidence to support a prima facie case. Balakrishnan v. Louisiana State University School of Medicine, 2005-1266, p. 3 (La.App. 4 Cir. 9/13/06), 939 So.2d 595, 597; Mossy Motors, Inc. v. Cameras America, 2002-1536, p. 3 (La.App. 4 Cir. 6/25/03), 851 So.2d 336, 339.

Law and Analysis

“A defendant’s failure to comply with Louisiana Code of Civil Procedure articles 1001 and 1002 exposes the party to a judgment of default.” Arias v. Stolthaven New Orleans, L.L.C., 2008-1111, p. 5 (La.5/5/09), 9 So.3d 815, 818. Specifically, a defendant is required to file an answer within fifteen (15) days after service of the *1200 petition. La.Code Civ. Proc. art. 1001. When the defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. La. Code Civ. Proc. art. 1701(A).
Essentially, default judgment is a two-step process. First, the plaintiff or plaintiff-in-reconvention must obtain a judgment by default per Article 1701(A). A judgment of default is sometimes referred to as a “preliminary default.” Arias, 2008-1111 at p. 6, 9 So.3d at 819. A default judgment may be obtained by oral |fimotion in open court or by written motion, entered in the minutes of the court, and the judgment consists merely of a minute entry. La.Code Civ. Proc. art. 1701(A).
Next, though the judgment at issue is a “permanent default,” both parties in this matter fail to recognize that Louisiana jurisprudence does not recognize a “permanent default.” The only appropriate next step after obtaining a default judgment pursuant to Article 1701 is that a party must confirm the default judgment. La.Code Civ. Proc. 1702 provides: “A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.” In this respect, confirmation of a default judgment is “similar to a trial.” Arias, supra, p. 7, 9 So.3d at 820. This Court construes appellee’s Motion and Order for a Permanent Default Judgment of July 18, 2005 as an attempt to confirm a default judgment.
The Louisiana Supreme Court has held that in order for a plaintiff to obtain a confirmation of a default judgment, “he must establish the elements of a prima facie case with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant.” Sessions & Fishman v. Liquid Air Corp., 1992-2773 (La.1993), 616 So.2d 1254, 1258. Although there is a presumption that the judgment confirming a default is supported by competent evidence, this presumption does not apply when there is a transcript of the confirmation proceeding. Mooring Financial Corporation 401(K) Profit Sharing Plan v. Mitchell, 2008-1250, p. 4 (La.App. 4 Cir. 6/10/09), 15 So.3d 311, 315.
Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in arts. 2751 through 2754 of the Louisiana Code of Civil Procedure, or a suspensive appeal from the order directing the issuance of the writ of seizure and |7sale, or both. La. Code. Civ. Pro. art. 2642. In particular, La.Code Civ. Pro. arts. 2751 and 2752 provide as follows:
Art. 2751. Grounds for arresting seizure and sale; damages
The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an execu-tory proceeding has not been followed.
Art. 2752. Injunction procedure
The petition for injunction shall be filed in the court where the executory proceeding is pending, either in the ex-ecutory proceeding or in a separate suit. The injunction proceeding to arrest a seizure and sale shall be governed by the provisions of Articles 3601 through 3609 and 3612, except as provided in Article 2753. However, a temporary restraining order shall not issue to arrest the seizure and sale of immovable property, but the defendant may apply for a preliminary injunction in accordance with Article 3602. In the event the de *1201 fendant does apply for a preliminary injunction the hearing for such shall be held before the sale of the property.
In the present action, appellant Provident Bank initiated an executory process action against Lorina M. Leslie, the mortgagor. Appellee filed a responsive petition in which she sought a preliminary injunction and/or order suspending the seizure and sale of the property at issue. Appellee’s petition for injunction also claimed monetary damages in attorney’s fees and damages for unfair trade practices. Appellant Provident Bank did not file responsive pleadings to appellee’s petition for injunction and damages of May 18, 2004. Appellee received an order granting a default on June 28, 2005.
Appellant contends that the “permanent default” obtained by appellee does not meet the requirements set forth in La. Code Civ. Proe. art. 1702 to qualify as a confirmation of default judgment. We agree.
|sThe judgment granting “permanent default” was signed on July 18, 2005. The appellee did not present any evidence to the district court on July 18, 2005 attached to said motion and proposed judgment that would establish a prima facie case. There was not a hearing until July 19, 2005, the following day. The “permanent default” was therefore signed without any entering of evidence by the appellee. Once again, “permanent default” judgment does not exist in Louisiana statutory or case law. For these reasons alone, the “permanent default” signed by the district court does not meet the requirements of a confirmation of default judgment, and is an absolute nullity. Furthermore, under La.Code of Civ. Proc. art. 8605, an order granting a preliminary or final injunction or temporary restraining order “shall describe in reasonable detail, and not by mere reference to the petition or other documents, the act or acts sought to be restrained.” There was no discernable statement of relief in the “permanent default” judgment of July 18, 2005.
Even if this Court were to overlook the fact that the district weighed no evidence before signing the judgment of July 18, 2005, appellee clearly did not confirm a default judgment during the hearing of July 19, 2005 by proof of the demand sufficient to establish a prima facie case as required by La.Code Civ. Proc. art. 1702. Despite what appellee contends, there is nothing in the record that suggests appel-lee has provided any exhibits, affidavits, or any other evidence of a prima facie case at her proces verbal of July 19, 2005. Appel-lee has presented no competent evidence that convinces the court that it is probable that she would prevail on the merits. Thibodeaux v. Burton, 1988-1566, (La.1989), 588 So.2d 1001, 1004.
| ^Conclusion
Prior to interruption by Hurricane Katrina, the district court had on its docket a hearing on Ms. Leslie’s request for a preliminary injunction pursuant to La.Code Civ. Proe. art. 2752, as well as appellant’s original petition for executory process. The other motions and exceptions not yet heard by the district court as a result of Hurricane Katrina are mentioned above.
The decision of the district court to grant appellee Lorina M. Leslie’s confirmation of default judgment is reversed. The “permanent default” granted to appel-lee on July 18, 2005 is an absolute nullity. This Court declines to determine the merits of Provident Bank’s Petition for Execu-tory Process, as such a determination has never been made by the district court.

Decree

For the aforementioned reasons, we reverse the decision of the district court *1202 granting a “permanent default” to the ap-pellee, and we remand the matter for hearing oil the Petition for Executory Process and the appellee’s responsive petition for order and injunction and damages filed by appellee as per La.Code Civ. Proc. art. 2752, as well as any other proceedings consistent with this opinion.
REVERSED; REMANDED.
TOBIAS, J., Concurs and Assigns Reasons.