WELCH, J.,
concurring in part and dissenting in part.
11 While I agree with the majority that the imposition of sanctions on First Bank & Trust was improper and that the trial court’s judgment in that regard should be reversed, I disagree that the trial court’s judgment nullifying the summary judgment should be affirmed. The trial court nullified the summary judgment on the basis that Mr. Edwards was not served with process as required by law;. See La.C.C.P. art. 2002(2). The record reflects that Mr. Edwards was served with the motion for summary judgment at his firm’s office, through his secretary. See La.C.C.P. art. 1314(B.). Service in this manner was proper because this case clearly presents the situation where an attorney; through his own law firm, is representing himself. Mr. Edwards signed pleadings on behalf ttf the firm; he used his bar roll number on pleadings, and his firm billed him at the rate of $350.00 per hour for work performed on this case.
It is well settled that an action for nullity is not a substitute for an appeal or a motion for new trial. National Income Realty Trust v. Paddie, 97-1523 (La.App. 1st Cir 6/29/98), 714 So.2d 933, 935. The record in this matter reveals that at every stage of these proceedings, Mr. Edwards was aware of the rulings of the trial court, and admitted, at oral argument that “I knew I had them [(First Bank & Trust)] and I was laying in the gap.” To allow Mr. Edwards, at this point, to attack a judgment that he clearly owes on the basis of nullity related to the manner of service, makes no logical sense.
Thus, I respectfully concur in part and dissent in part.